## The People v. John Dolan.

*Jurors not to be challenged after being sworn.*

A peremptory challenge is not allowable in a criminal case after the jury has been sworn.

After the jury in a criminal case was sworn the prosecuting attorney was allowed a peremptory challenge, and a new juror being chosen the jury was again sworn. *Held,* that so long as the jury first sworn was not legally discharged there could not be two juries sworn to try the same case; and a conviction by the latter jury was set aside and the prisoner discharged.

Exceptions before sentence from Washtenaw. (Joslyn, J.) October 19.—October 24.

Complaint for violation of statute requiring saloons to be closed on election days. Respondent was convicted. Conviction set aside.

*Cramer & Corbin* for respondent appellant.

Attorney General *Jacob J. Van Riper* for the People. Where a jury was sworn anew after a peremptory challenge had been allowed and before there had been any presentation of the case, or witnesses sworn, or evidence taken, defendant was not put in jeopardy at the time the first oath

was administered to the jury: *Stone v. State* 2 Scam. 326 ; *McFadden v. Com.* 23 Pa. St; *Rex v. Perkins* Holt 403; *Rex v. Kell* 1 Crawf. & Dix 151; as to the discretion of the court about discharging the jury: *People v. Olcott* 2 Johns. Cas. 301; *Case of the two Kinlochs* Foster 16; *People v. Goodwin* 18 John. 187; *Com. v. Bowden* 9 Mass. 494; *U. S. v. Haskell* 4 Wash. C. C. 409; where the jury was sworn by inadvertence before the defendant was arraigned, he was not put in jeopardy: *U. S. v. Riley* 5 Blatch. C. C. 204.

SHERWOOD, J. The respondent in this case was convicted in the Washtenaw circuit court of a violation of the statute relating to closing saloons on election days. Act 259, Pub. Acts 1881.

The consideration of the first exception taken by defendant is alone sufficient to dispose of this case, and it will be unnecessary to consider any of the other exceptions, although we think several are well taken.

After the jury was impaneled the prosecuting attorney was absent from the court-room a few moments, and during such absence the jury was duly sworn by the court to try the cause. Immediately thereafter the prosecuting attorney returned into the court-room, and insisted upon his right to still examine the jurors before they were impaneled and sworn, and the court thereupon permitted him to challenge peremptorily one of the jurors impaneled, and another was called and sworn in his place, and the jury as thus constituted was thereupon sworn to try the case. The proceedings were objected to by defendant's counsel on the ground that a jury had already been regularly impaneled and sworn in the cause, and further objected to the serving of the jury in the case as then constituted. The court overruled the objection, and defendant's counsel excepted, and the court then proceeded with the trial. This was error.

The statute clearly points out the various steps required to be taken in obtaining, impaneling and swearing a jury for the trial of a cause in a court of record. 2 Comp. L. pp. 1726–1731.

There can be no departure from these requirements without the express consent or stipulation to that effect of the parties. Only one jury can be impaneled and sworn to try a case, unless the jury first impaneled has for some reason been legally discharged.

In this case two juries were sworn to try the case, and the first had not been discharged by the court when the trial commenced before the second, which rendered the verdict complained of. We know of no practice or statute which will allow a proceeding of this kind.

The conviction should be set aside and the respondent discharged.

The other Justices concurred.

In *Reg. v. Reeve,* Lond. Leg. Obs. (Feb. 15, 1845,) p. 312, a case of felony, a juror was taken sick and had to be removed after part of the evidence for the prosecution had been received. Mr. Justice Creswell thereupon required a physician's testimony as to the juror's inability to continue on duty, and then had another man sworn in his place. The prisoners were allowed their challenge and those witnesses who had been already examined were again called and sworn and the judge read to each his own note of the witness' evidence and had him state whether it was correct. 3 West. Law Journal 95.—[Rep.

