## W. W. HELM *v.* THE STATE.

1. BILL OF EXCEPTIONS. *Code* 1880, § 1715. *Paper signed by judge of his own motion, no part of record.*
   A paper on file in a cause signed by the presiding judge, reciting what has occurred during the progress of a criminal trial, and reciting also an exception by defendant, but which was not prepared or tendered on behalf of the prisoner, nor assented to by him as a bill of exceptions, is no part of the record, and cannot be used as evidence for any purpose. Code 1880, § 1715.

2. SAME. *Proof of facts. Motion to strike out.*
   On motion of defendant, supported by evidence showing the facts, such paper will be stricken from the record.

3. CRIMINAL PROCEDURE. *Discharging jury. Presumption.*
   Where the record in a criminal case shows that after the jury retired to con-sider of their verdict, they came into court and reported that they could not agree, and that thereupon they were discharged—the prisoner object-ing—the action of the court is presumed to be correct. *Price* v. *The State,* 36 Miss. 531. But this presumption may be met by proof, and the defend-ant may show that the discharge was without legal necessity and therefore improper.

4. FORMER JEOPARDY. *Plea of. Sufficiency.*
   The plea of former jeopardy being a plea in bar, the same degree of certainty in it is not required as in an indictment or a dilatory plea. It need not show former acquittal or conviction as in case of the common law plea of *autrefois acquit* or *convict.* Nor is it necessary to set out the record of the other proceedings. It is sufficient to state the facts constituting the former jeopardy.

5. SAME. *Failure of jury to agree. Improper discharge. Constitutional safeguard.*
   A plea averring that the defendant was put on trial for the same offense, in a court of competent jurisdiction, before a lawful jury properly sworn, on a valid indictment set out therein ; and that after the cause was duly submit-ted on the evidence, the jury was, without the consent of the defendant, discharged because of a failure to agree upon a verdict, and because the

term of court had expired; and that the discharge was not compelled by any physical or legal necessity, is good on demurrer. These facts being admitted on demurrer, under the constitutional provision that "no person's life or liberty shall be twice placed in jeopardy for the same offense," constitute a good defense.

6. FORMER JEOPARDY. *Discharge of jury for physical or legal necessity.*

If the jury is discharged after the trial begins, on account of physical or legal necessity, as sickness or death of the presiding judge or a juror, or the failure to reach a verdict after a reasonable time for deliberation, there is no jeopardy of which the prisoner in a subsequent trial can complain.

7. SAME. *Necessity must be overruling. Time for deliberation.*

It is overruling necessity that justifies the discharge of the jury before verdict without the prisoner's consent. What length of time should be allowed for deliberation before the court would be warranted in ordering the discharge for failure to agree, must depend, to some extent, on the circumstances of each case. It should always be long enough to demonstrate beyond reasonable doubt the necessity for the discharge.

8. SAME. *Time prima facie sufficient. Case in judgment.*

The length of time which the plea in this case shows the jury was in deliberation after the case was submitted, from half-past four o'clock Saturday afternoon until half-past eleven Monday morning, would ordinarily be *prima facie* sufficient to authorize the discharge on the ground that the jury could not agree upon a verdict.

9. SAME. *Other facts. When court will not hold as matter of law that necessity to discharge existed.*

But it is alleged in the plea that the discharge was because the jury had failed to agree, and because also the stated term of court had expired after the trial began, the latter being no reason under the statute; and the plea further avers that the discharge of the jury "was not compelled by any physical or legal necessity." Taking these averments to be true, and they are admitted by the demurrer, it cannot be said as matter of law that a legal necessity existed for discharging the jury. The plea should be replied to if the facts are controverted.

10. EXPIRATION OF TERM. *Trial concluded. Code* 1880, § 2292.

Under § 2292 of the code, which provides that when the stated term of a court shall expire while the trial of any cause is in progress the court may proceed and conclude it, the expiration of the term pending a criminal trial is no ground for discharging the jury without the consent of the prisoner. *Whitten* v. *The State,* 61 Miss. 717.

FROM the circuit court of Yazoo county.

HON. J. B. CHRISMAN, Judge.

At the June term, 1888, of the circuit court, the appellant, on plea of not guilty, was put on trial under an indictment for murder, before a legally constituted jury. The minutes of the court showed the regularity of the proceedings, that the trial was commenced on June 18 and continued through several days and until June 25, when the cause was submitted to the jury, and that on the same day they returned into court and reported that they could not agree, and were thereupon discharged, against the consent of the accused. The record does not show how long the jury were out for deliberation, and no cause is stated for discharging them, except that after due consideration they could not agree upon a verdict.

In the record is found a paper purporting to be a bill of exceptions, signed by the judge who presided at the first trial. It sets forth a history of what occurred after the cause was submitted to the jury; shows that it was submitted on Saturday afternoon at half-past four o'clock, and that the jury deliberated until Monday morning at half-past eleven; recites that it was impossible for the jury to agree, and that one of the jurors was ill. It further recites that the defendant excepted to the action of the court in discharging the jury and that his exception was allowed. It was not entered on the minutes, but was signed and filed as a bill of exceptions on the day the jury was discharged.

The term of court as fixed by law expired on Saturday, the 23d day of June, but as the trial had not been concluded the court did not adjourn, but, in accordance with the statute, continued over until Monday, the 25th, when the jury was discharged on failing to agree.

At the next term the defendant moved the court to strike out what purported to be the bill of exceptions, and proof was heard on the motion. It appeared from the evidence that counsel for defendant had declined to consent that the jury should be discharged after the failure to agree, but the court (Judge Wharton then presiding) determined on the discharge, and wrote out at length the reasons therefor. The paper thus prepared was by the judge read out in open court at the time of the discharge, and counsel for the

accused were present. No bill of exceptions was prepared or tendered by the defendant or his counsel. Nor was the paper in question submitted to either. But when the jury was discharged one of the counsel remarked to the court : " We will reserve the point." To this the judge responded : " I will write out the bill of exceptions." Thereupon he signed the paper, reciting an 'exception, and it was filed. There was further evidence tending to show that it was the purpose and intention of the counsel making the suggestion to the court to reserve an exception for discharging the jury, as he had done in another case involving the same point at that term of the court. But counsel for defendant testified that they were not aware that this paper was to be treated as a bill of exceptions, and that they did not learn until the succeeding term of court that it had been signed and filed as such. On this evidence the court found as a fact that an exception had been taken, and overruled the motion to strike out the bill of exceptions.

At the same term of court the defendant filed a plea of former jeopardy, setting out the proceedings in the cause and the discharge of the jury without his consent at the last term. The plea avers that the defendant was duly put upon his trial before a lawfully constituted jury for the same offense, and under a valid indictment, which was set out *in hæc verba*, being the same indictment then pending against the prisoner ; that the trial began on the 18th day of June, and continued through several days, evidence *pro* and *con* being introduced ; that after the evidence was all in and after the argument of counsel, the cause was duly submitted to the jury for decision on Saturday, June 23, 1888, at half-past four in the afternoon, and that on Monday morning, June 25, at half-past eleven o'clock, the court, without the consent of defendant, discharged the jury " because said jury had not at the time of said discharge agreed upon a verdict in said cause, and because the stated term of said court had expired with the said 23d day of June, 1888, and the court on this account being unwilling to allow the jury to further consider of said cause ; and said discharge of said jury was not compelled by any physical or legal necessity."

The state demurred to this plea and assigned as cause of demur-

rer, that the plea was insufficient on the facts stated; that it failed to set out the record of the former proceedings; that the statement that the jury was discharged without physical or legal necessity was a conclusion of law; that the plea was not sworn to.

This demurrer was heard in connection with the motion of defendant to strike out the bill of exceptions, and, on overruling the motion, the court sustained the demurrer, with leave to defendant to plead further. No amended plea was filed.

The plea of not guilty having been interposed, the defendant was tried and convicted of manslaughter, and prosecuted this appeal.

Numerous questions are presented by the record and were argued by counsel, but, in view of the decision of this court, no further statement of the case is deemed necessary.

*A. J. McLaurin*, for appellant.

1. The statement prepared by the judge and read before the discharge of the jury, and signed, without being seen by counsel for defendant, was not a bill of exceptions, and should have been stricken out. A record once established imports absolute verity, but the question whether it is a record is always open to investigation. Defendant did not take a bill of exceptions. The state cannot take one. Powell on App. Pro. 308. Surely the *court* is not allowed a bill of exceptions. If the defendant is willing to take the record as it is, without exceptions, it must be so. Here the judge attempted to take a bill of exceptions to his own rulings. It was not submitted to counsel, and they had no knowledge that it was to be made a bill of exceptions.

2. The trial of the prisoner for the same offense at a former term of the court, and the discharge of the jury without his consent, and without any *physical or legal necessity*, entitle him to an acquittal. *Finch* v. *The State*, 53 Miss. 363; *Whitten* v. *The State*, 63 Ib. 717.

The minutes of the court show no length of deliberation. They show that the cause was submitted to the jury, and that they were discharged on the same day, June 25. It does not appear that they were out five minutes. In their own domain the minutes are supreme. They should contain every adjudication of the

court. A judgment cannot be put in a bill of exceptions. Here the record proper—the minutes of the court—contains no adjudication that the jury had been given sufficient time for deliberation.

The existence of the extreme necessity that will warrant the court in discharging the jury must be adjudicated by the court and made part of the record. Bish. Cr. L., §§ 1034-5-6.

It will not be denied by any legist that adjudications of courts can only be evidenced by the minutes. As to such, the minutes of the court constitute the record. Powell on App. Pro. 216, 338.

If the so-called bill of exceptions can be considered at all, it is an invader in so far as it purports to set out the judgment of the court. There being no adjudication of the necessity for discharging the jury, the defendant, having been in jeopardy, is entitled to be discharged. *Finch* v. *The State*, 53 Miss. 363; Bish. on Cr. L., § 1034.

Then these points are made out: *First.* Before a jury can be discharged there must be extreme necessity, or the prisoner is entitled to an acquittal. *Lee* v. *The State*, 26 Ark. 260; *Ned* v. *The State*, 7 Porter (Ala.) 187. *Second.* The extreme necessity must be adjudicated and made part of the record. Bish. Cr. L., §§ 1033-6. *Third.* Adjudications cannot be recorded in a bill of exceptions. Powell on App. Pro. 212, 338.

3. But, even if the judge's statement can be considered, the time was too short. In this Christian country it cannot be assumed that the jury deliberated on Sunday. Then they had only the fractions of two secular days for deliberation. Away with twice in jeopardy; away with the constitution, if this will do! On this point see the language of Goldthwaite, J., in *Ned* v. *The State*, 7 Porter (Ala.) 187.

*D. R. Barnett,* for appellant, also filed a brief, discussing other questions involved; but as the court disposed of the case solely on the points mentioned above, the argument of Mr. Barnett is not given.

*W. H. Luse,* on same side.

*T. M. Miller,* attorney-general, for the state.

The demurrer was properly sustained to the plea of former jeopardy.   *Price* v. *The State*, 36 Miss. 531 ; *Hare* v. *The State*, 4 How. (Miss.) 187.

The entry on the minutes of date June 25, shows that the jury having retired to consider of their verdict, came into court, " and upon their oaths do say, we the jury cannot agree upon a verdict, * * * it is therefore considered by the court that the jury be discharged."  *They were discharged because they could not agree.*

Failure to agree upon a verdict is now generally held to be such legal necessity as will justify the discharge of the jury.

How can this court say that the lower court abused its discretion in this finding ?  It is impossible to say how long the jury deliberated, or whether there was room for prolonged deliberation, or whether a verdict was within the range of probability or even possibility.  There is no bill of exceptions containing the evidence. No court has assumed to say what length of time a jury shall be kept together since the abolition of the ancient savage rule.

The time must be left largely to the discretion of the judge, each case depending on its own facts and circumstances.

The facts stated in defendant's plea show that the jury were discharged only after a very protracted deliberation.  The discharge was proper.  So to hold, is essential to the efficient administration of the criminal law and the protection of society.  It removes the temptation to tamper with jurors, and closes a door against the escape of the guilty.  *By taking a bill of exceptions the defendant may always show the circumstances,* and thus avail himself of any abuse of discretion on the part of the judge in discharging the jury. *State* v. *Nelson*, 26 Ind. 366.  " A verdict extorted by force or suffering ought never again to be heard of in a court of justice."  Ib.

The jury being out nearly fifty hours after the conclusion of the arguments, opposite counsel, without showing a case requiring discussion, assume that one whole day (Sunday) must have been occupied in reflections of a spiritual nature.  There is no room for such assumption.  The jury had the right to regard this matter as one of necessity, if not charity to themselves.  The court may on Sunday find the fact that the jury cannot agree and discharge them.  1 Bish. Cr. Pr., § 1001.

It is not possible to imagine that a jury of honest men under a responsibility of duty, yet desirous to escape confinement, would not employ their powers of reflection on the Sabbath day touching the matter in hand.

But recurring to the *record,* I deny that the court was required to place more on the minutes than its *conclusion* in discharging the jury. *McCauly* v. *State,* 26 Ala. 135.

The record must show the organization of the court, the jurisdiction, that a case was on trial and the like, but not the *facts* upon which an adjudication is based. If irregularity is sought to be predicated of incidental matters or matters *in pais,* a bill of exceptions must be reserved. *Dyson* v. *State,* 26 Miss. 362; *Price* v. *State,* 36 Ib. 531.

This last case is conclusive as to this point. See also *Hare* v. *State,* 4 How. 187.

A plea of former jeopardy which does not allege either a conviction or acquittal is not good.

ARNOLD, C. J., delivered the opinion of the court.

The record proper, shows in regard to the discharge of the jury, that after they retired to consider of their verdict, they came into open court and reported, that they could not agree on a verdict, and that therefore they were discharged, and that the defendant, appellant here, objected to their being discharged.

In the absence of proof to the contrary, the action of the court in discharging the jury, would be presumed to be correct. *Price* v. *The State,* 36 Miss. 531. But the so-called bill of exceptions is no part of the record, and the motion to strike it from the record, should have been sustained. On the proof, it cannot be regarded as a bill of exceptions. Code, § 1715 *et seq.* It was not prepared or tendered to the presiding judge, by the defendant, or in his behalf, nor was it approved or assented to by him or his counsel. It is nothing more than a note or memorandum made by the judge, and it cannot be used as evidence for any purpose.

The demurrer to the plea of former jeopardy, should have been overruled, and the state should have replied, instead of demurring

to the plea.   The plea of former jeopardy, is a plea in bar, and the same degree of certainty is not required in it, as in an indictment or a dilatory plea.   1 Bish. Cr. Pro., §§ 324, 745, 808.   Courts are not fully agreed how far the defense of former jeopardy differs under our American constitutions, from that of *autrefois acquit* or *convict* at common law.   When the first trial is concluded, and results either in an acquittal or conviction, which is allowed to stand, there is no room for diversity of opinion as to its sufficiency to bar another trial.   In such case, the ordinary plea of former acquittal or conviction, is applicable in terms, and would be sustained by all courts.   But we reach debatable ground when we come to those cases, in which the trial was begun, but not concluded, when the jury was discharged without verdict, and without the consent of the prisoner.

We do not consider the dictum in the dissenting opinion in *Hare* v. *The State*, 4 How. (Miss.) 187, as authority on the subject, of what a plea of former jeopardy, should contain ; and some of the language used on the subject, in *Price* v. *The State*, 36 Miss. 531, is broader than was warranted by the facts of the case, as was noted in the decision in *Teat* v. *The State*, 53 Miss. 439.

In the common law plea of *autrefois acquit* or *autrefois convict*, it is necessary to set out the record of the former proceedings, and it seems that nothing short of a showing thereby of former acquittal or conviction, will sustain the plea.   1 Bish. Cr. Pro., §§ 814, 815.   But under a constitution like our own, which enlarges the safeguards of the common law, against the repetition of criminal prosecutions for the same offense, there may be, according to the decisions in this, and other states, former jeopardy, without an actual or formal acquittal or conviction, and when this is the case, it is not necessary to aver former acquittal or conviction, in a plea of former jeopardy.   1 Bish. Cr. Pro., §§ 827–829 ; 1 Whart. Cr. L., § 591 *h ; Lyman* v. *The State*, 47 Ala. 686 ; *Atkins* v. *The State*, 16 Ark. 568.

Nor is it necessary in such plea, to set out the record of the former proceedings.   It is sufficient to state the facts which constituted the former jeopardy.   1 Whart. Cr. L., § 591 *h ;* 1 Bish.

66 Miss.—35

Cr. Pro., §§ 828, 829 ; *Lyman* v. *The State*, 47 Ala. 686 ; *Atkins* v. *The State*, 16 Ark. 568; *McCauley* v. *The State*, 26 Ala. 135; *Grant* v. *The People*, 4 Parker Cr. Rep. 527 ; *Nolan* v. *The State*, 55 Ga. 521 ; *Robinson* v. *Com.*, 32 Gratt. 866.

Wharton, says, that an allegation that " the defendant had once been put in jeopardy of his life, for said offense, upon said indict-ment, is demurrable, if it does not show how or in what manner : otherwise, if the facts constituting the jeopardy are alleged." 1 Whart. Cr. L., § 591 *h*.

Bishop says, that " among courts that do not deem the plea of *autrefois acquit* permissible, some allow to the defendant a plea framed on the special facts, in the nature of *autrefois acquit*. There are various cases in which this method has been adopted unquestioned. In principle it is plainly permissible, and there is believed to be not much direct authority against it."

" This plea, it has been deemed, should aver that the defendant was put on his trial, on a valid indictment, that a jury was duly impaneled and sworn and charged with the case, and was without necessity or his consent, discharged without rendering a verdict." 1 Bish. Cr. Pro., §§ 828, 829.

The facts stated in the plea under consideration—that at a former term of the court the defendant was put on trial, on a valid indict-ment set out in the plea, for the same offense, and that after the cause was duly submitted to a jury, impaneled and sworn to try the same, the jury before rendering a verdict, and without the con-sent of the defendant, were discharged, because they had not agreed on a verdict at the time they were discharged, and because the regular term of the court had expired, and that the discharge of the jury was not caused by any physical or legal necessity—cannot be met or disposed of against the prisoner by demurrer. If these facts are admitted to be true, as they are by demurrer, the prisoner cannot be lawfully tried again for the offense with which he is charged.

The constitution declares, that " no person's life or liberty, shall be twice placed in jeopardy for the same offense." Constitution of Miss. art. I, § 5. A party is placed in jeopardy, within the

meaning ·of the constitution, whenever upon a valid indictment, in a court of competent jurisdiction, and before a legally constituted jury, his trial has been fairly commenced, and if afterward the jury before rendering a verdict, is unlawfully discharged, without his consent, it operates as an acquittal and shields the prisoner from further prosecution or trial for the same offense. But if the jury is discharged in such case on account of some physical or legal necessity, such as the sickness or death of the judge or a juror, or the failure of the jury to agree on a verdict after reasonable time for deliberation, there is no ground for the prisoner on a subsequent trial to complain of former jeopardy. *Whitten* v. *The State*, 61 Miss. 717 ; *Teat* v. *The State*, 53 Ib. 439.

It is overruling necessity that justifies the discharge of a jury in a criminal cause, before verdict and without the consent of the prisoner. What length of time a jury should be allowed or required to deliberate before the court would be warranted in discharging them on the ground that they cannot agree on a verdict, must depend, to some extent, on the facts and circumstances of each case. It should always be long enough to demonstrate beyond reasonable doubt the necessity of the discharge. The length of time which the plea shows the jury was in deliberation in this case would ordinarily be *prima facie* sufficient to authorize their discharge, where it appeared that they were discharged because they could not agree on a verdict, but when, considered in connection with the other facts averred in the plea and admitted by demurrer to be true, it cannot be said as matter of law that a legal necessity existed for discharging the jury, or that they were discharged because they could not agree on a verdict.

It was held in *Josephine* v. *The State*, 39 Miss. 613, that where the term of the court is about to expire, and the jury is unable to agree on a verdict, they may be discharged without the consent of the prisoner ; but it was decided in *Whitten* v. *The State*, 61 Miss. 717, that this rule does not prevail under the present code, § 2292 of which provides that " when the trial or hearing of any cause, civil or criminal, has been commenced, and is in progress in any court, and the time for the expiration of the term as prescribed by

law shall arrive, the court may proceed with such trial or hearing and bring it to a conclusion, in the same manner and with the same effect as if the stated term had not expired."

*The judgment is reversed, the motion to strike the so-called bill of exceptions from the record is sustained, the demurrer to the plea of former jeopardy is overruled, and leave granted to the state to reply to the plea, and the cause remanded.*

*T. M. Miller,* attorney-general, for the state, filed a suggestion of error, making the following points:

1. When the court decided that the time stated in the defendant's plea during which the jury were in deliberation was *prima facie* sufficient to authorize their discharge, it should have followed that the demurrer to this plea was properly sustained. No facts are pleaded to meet this *prima facie* case, but only the statement of a conclusion of law, that the " *discharge of said jury was not compelled by any physical or legal necessity.*"

Should the state be required to take issue on such an averment? Should an issue of law be submitted to the jury?

2. The court will look to the whole record in determining whether error has been committed to the prejudice of the defendant. This being done, the court is bound to know here that the jury were discharged after a protracted deliberation, and after coming into court and reporting that they could not agree upon a verdict, and *thereupon* it was considered by the court that they be discharged.

While these recitals are not conclusive on the defendant, still a plea ought not to be entertained which does not negative the facts of record which are *prima facie* to be regarded as established.

The suggestion of error was

*Denied.*