## YARBROUGH v. STATE.

No. A-11085.   Oct. 5, 1949.

(210 P. 2d 375.)

Guy L. Andrews, McAlester, and Jay D. Jones, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Lewis A. Wallace, Asst. Atty. Gen., for defendant in error.

JONES, P. J.  The defendant, Cecil Yarbrough, was convicted in the district court of Oklahoma county, of the crime of forgery in the second degree, and sentenced to serve five years' imprisonment in the State Penitentiary.

The decisive question for determination of this appeal is whether the court erred in overruling the motion to discharge defendant and denying his plea of former jeopardy.

This case originally came on for trial on February 10, 1948. At that time, a jury was duly impaneled and sworn to try the case. The evidence of both the state and defendant was presented, and while the court had taken a recess for the purpose of preparing his instructions, the judge received some information from one of the jurors, the exact nature of which is not divulged in the record, but the record does show that the following proceedings occurred:

"Thereafter, and at 4:15 p. m., February 10, 1948, Court reconvened, all parties appearing as heretofore stated.

"The Court: Mr. Adamson, are you the juror who discussed the matter with me a few minutes ago in Chambers?

"Juryman Adamson: Yes sir.

"The Court: Now, it is my understanding that you have knowledge of facts which might be evidence in this case and from which you do not feel you could act as a fair and impartial juror, as you have informed me.

"Juryman Adamson: I still do not know either one of the gentlemen here but I do know of the circumstance.

"The Court: Do not tell the Court what the circumstance is.

"Juryman Adamson: It is what I told you in Chambers.

"The Court: The circumstance now that you know about convinces you that you would be unable to act as a fair and impartial juror?

"Juryman Adamson: Yes sir, because like I told you I wouldn't want to be put in that position and pass judgment, knowing what I know now.

"The Court: That is information that you had knowledge of prior to this trial but it wasn't called to your attention until some of the testimony was disclosed here?

"Juryman Adamson: Yes, due to the location where I was at.

"The Court: This Court finds that through inadvertence Mr. Adamson has knowledge of certain facts which affect his ability to act as a juror in this case. He has announced in open Court that he thinks he would be disqualified and unable to act as a fair and impartial juror. The Court finds that, on that showing, the juror is prejudiced, and a mistrial should be declared, so on that ground, the Court hereby declares a mistrial, and you gentlemen of the jury will be discharged from any further consideration of this case. Mr. Adamson, I want to thank you for your frankness in speaking up concerning this matter because the County Attorney and the Attorney for the defendant and everyone else wants everybody to have a fair and impartial trial.

"Jury Adamson: The information I gave you can be checked on. It is entirely up to the man. They can go down there. They can go down and check on it if they want to.

"Mr. Jones: The defendant claims an exception to the ruling of the Court in declaring a mistrial in view of the fact there is a specific statute, Title 22, Section 852 as to knowledge peculiar to the juror. It should be declared in open Court and the juror should be put on as a witness so that knowledge may be disclosed to the rest of the jurors. We say the Court acted beyond its discretion in declaring a mistrial after the case had gone to the jury.

"Mr. Mounger: To all of which the State objects as incompetent, irrelevant and immaterial.

"The Court: The objection will be sustained."

Thereafter, on April 14, 1948, the case came on again for trial, at which time the defendant through his attorney, filed his written plea of former jeopardy and motion to dismiss, in which he alleged the occurrence of the above facts as shown by the record, and further alleged that the trial court discharged the jury without the consent and against the will of the defendant, and that said discharge was unnecessary, and that the court did not follow the provisions of the statutes relating to such occurrences. The motion to dismiss and plea of former jeopardy were denied.

In the case of Stough v. State, 75 Okla. Cr. 62, 128 P. 2d 1028, 1030, this court laid down the rule as to when jeopardy attaches as follows:

"Before jeopardy attaches each of the following conditions must exist:

"First; the defendant must be put upon trial before a court of competent jurisdiction.

"Second, the indictment or information against the defendant must be sufficient to sustain a conviction.

"Third; the jury must have been impaneled and sworn to try the case.

"Fourth; after having been impaneled and sworn, the jury must have been unnecessarily discharged by the court.

"Fifth; such discharge of the jury must have been without the consent of the defendant. When these things concur, then the discharge of the jury constitutes jeopardy and operates as an acquittal of the defendant, and he cannot again be placed upon trial for the same offense."

In the case of Goodman v. State, 41 Okla. Cr. 405, 273 P. 900, 903, this court stated:

"The question argued and urged by the defendant is not a new question in this state. In the early territorial days, in the case of Schrieber v. Clapp, 13 Okla. [215], 218, 74 P. [316], 317, Judge Burford, speaking for the Supreme Court of Oklahoma Territory, said:

" 'The general rule is that the prisoner has been put in jeopardy when he has been put upon trial before a court of competent jurisdiction, upon an indictment or information sufficient to sustain a conviction, and the jury has been empanelled and sworn to try the case, and the jury is discharged without sufficient cause, and without the defendant's consent; and such discharge of the jury, although improper, results in an acquittal of the defendant.' Cooley, Const. Lim. (6th Ed.) 399; Teat v. State, 53 Miss. [439], 453, 24 Am. Rep. 708; Whitmore v. State, 43 Ark. 271.

"Judge Furman, in Loyd v. State, 6 Okla. Cr. 76, 116 P. 959, adheres to the rule laid down in the case of Schrieber v. Clapp, supra. * * *.

"In State v. Frisbee, 8 Okla. Cr. 406, 127 P. 1091, this court reaffirmed its former rulings, and, after quoting article 2, § 21, Okla. Const., stated 'that this provision expressly declares that no person who has been once acquitted by a jury shall be again put in jeopardy of life or liberty for that of which he has been acquitted, and the Constitution goes further and express terms provides: "Nor shall any person be twice put in jeopardy of life and liberty for the same offense." All authorities agree that when a jury is sworn jeopardy attaches. Under the latter clause of our Constitution, if jeopardy has once attached, a defendant cannot be placed again in jeopardy for the same offense, unless the jury were necessarily discharged, or unless the defendant agreed to their discharge, or unless a new trial is granted him upon his request.'—citing Loyd v. State, 6 Okla. Cr. 76, 116 P. 959."

The general rule followed, not only by Oklahoma, but by most of the other states in the union, is set forth in 38 A.L.R. 706, as follows:

"The general rule as to discharge of jury for whatever cause as affecting jeopardy is stated in 8 R.C.L. 153, as follows: 'Under the strict practice which anciently prevailed, in England at least, the discharge of the jury in a criminal case for any cause after the proceedings had advanced to such a stage that jeopardy had attached, but before a verdict of acquittal or conviction, was held to sustain a plea of former jeopardy, and, therefore, to operate practically as a discharge of the prisoner. In deference, however, to the necessities of justice, this strict rule has been greatly relaxed, and the general modern rule is that the court may discharge a jury without working an acquittal on the defendant, in any case where the ends of justice, under the circumstances, would otherwise be defeated. * * * In order, however, to justify an exercise of this power, the occasion for it must be very cogent, or, as some courts have said, there must be an absolute necessity. * * * In the absence of necessity, the defendant may reasonably demand that the result be regarded as an acquittal, and this applies to every offense charged in the indictment and on which the jury might have returned a verdict if they had not been discharged.' "

Applying the above stated rule to the case at bar, we find that the defendant was put upon trial before the district court of Oklahoma county, which court had jurisdiction of the offense of forgery alleged to have been committed by the defendant in the information filed against him; that the jury had been duly impaneled and sworn to try the case; that the jury was discharged without the consent and against the will of defendant which leaves for determination the sole question as to whether the jury was unnecessarily discharged by the court.

Tit. 22 O. S. 1941, § 852 provides:

"If a juror have any personal knowledge respecting a fact in controversy in a cause he must declare it in open court during the trial. If, during the retirement of a jury, a juror declare a fact, which could be evidence in

the cause, as of his own knowledge, the jury must return into court. In either of these cases, the juror making the statement must be sworn as a witness and examined in the presence of the parties."

Counsel for defendant called this statute specifically to the attention of the trial court after the juror allegedly had brought certain things to the attention of the trial court, but the trial judge did not choose to follow the plain provisions of the statute. Not only did the trial court refuse to follow the explicit provisions of the statute, but when the juror attempted to relate the circumstance concerning which he had information, the court stated: "Do not tell the court what the circumstance is."

The necessity for the discharge of the jury must affirmatively appear in the record. We are unable to determine from what appears in the record just what was the particular reason causing the court to discharge the jury. No one except the judge and the juror knew what the juror had said to the court in chambers. Something was said which convinced the court that the juror had information about the facts in the case which would prevent him from being a fair and impartial juror. The statute above quoted provides that in those circumstances, the juror shall be sworn in open court and examined in the presence of the parties. The fact concerning which the juror purports to have knowledge to justify the discharge of the jury should be controversial and material to the issues.

The defendant and the state had agreed that the jury sitting in the box should hear and determine the guilt or innocence of the accused. The jurors were chosen as required by law. Counsel for defendant strenuously objected to their discharge and insisted that the court follow the provisions of the statute which said the juror

must declare his information in open court. The defendant's right to have the jury pass upon his case was one which should not have been set aside except for a very cogent and compelling reason, and in such circumstances, the defendant and his counsel had the right to have the information allegedly known by the juror declared in open court, so that they would know just what it was, and in case of appeal, this court would know whether there was a necessity for the discharge of the jury.

It is our conclusion that where the court determines that a mistrial should be declared before the case is finally submitted to the jury because it is disclosed that a juror has knowledge of certain controversial facts material to the issues involved, that the court should have the juror examined in open court in the presence of the parties in accordance with the statute, and after such examination, if the trial court concludes in the exercise of sound judicial discretion that a mistrial should be declared, that the essential facts upon which the discharge is based and the finding of the court thereon must be entered in the record.

The court necessarily must have a discretion in the matter of determining the necessity for the discharge of the jury, but such court cannot act arbitrarily or capriciously, and unless the facts upon which the court based its judgment are entered of record, this court is unable to determine whether the action of the court was arbitrary or capricious, or in accordance with justice.

The plea of former jeopardy should have been sustained. For the reasons herein stated, the case is reversed and remanded, with directions to discharge the defendant.

BRETT and POWELL, JJ., concur.