Richard HUTCHENS, Petitioner,

v.

DISTRICT COURT OF POTTAWATOMIE COUNTY, State of Oklahoma, and the Honorable J. Knox Byrum, District Judge, Respondents.

No. A–14074.

Court of Criminal Appeals of Oklahoma.

Jan. 25, 1967.

Berry & Berry, Oklahoma City, Alfred Parsons, Shawnee, for petitioner.

John Clifton, County Atty., Pottawatomie County, Shawnee, for respondents.

BRETT, Judge.

This is an original action in which the petitioner applied to this Court to assume original jurisdiction of this matter, and to issue a writ of prohibition against the District Court of Pottawatomie County, Oklahoma, and the Honorable J. Knox Byrum, district judge.

The facts in this matter are not in dispute. Petitioner, who was the defendant at the trial, was duly informed against for the crime of "offering a bribe to an executive officer of Pottawatomie County", the officer being the county sheriff. The trial was commenced on June 27, 1966, the jury was selected and sworn to try the cause; the state introduced six witnesses to prove its case; and the defendant introduced four witnesses in his defense, when the trial recessed at the close of the second day.

The following morning, June 29th, the county attorney informed the district judge that it had been brought to his attention one of the jurors was the mother-in-law of deputy sheriff Bob Robinson; and that such came to his attention when he was considering using the deputy as a rebuttal witness.

That same morning, prior to formally opening court, the district judge called all parties into his chambers, including the defendant and both of his attorneys, and informed them of the information he had received. It was agreed that the juror should be called from the jury room for interrogation. The juror admitted the fact, saying her son-in-law had been a deputy sheriff for about a month. Thereafter it was agreed that the juror should be excused from further serving on the jury.

The trial judge consulted both sides concerning the possibility of proceeding with the trial, with eleven members on the jury. Defense counsel informed the court that the defendant elected to proceed with an "eleven-man jury". The county attorney stated his position by saying: "the State takes the position that it is entitled to a twelve-man jury, and cannot agree to trying this matter to an eleven-man jury, and, therefore, cannot agree."

After stating his intention to declare a mistrial for the reason that the parties could not agree to proceed with the trial using an eleven-man jury, the trial judge asked: "Does anybody want to say anything before I make a positive statement here?" Defense counsel said, "No, if the Court is going to discharge the jury, we want the record to show that on behalf of the defendant Hutchens we object to this and ask the Court to proceed with the eleven-man jury."

The Judge then stated: "Frankly, I would like very much to proceed and get the case over with and dispose of it, but I think the State has as much right in this court room as the defendant, and they are both entitled to a twelve-man jury. I think both sides are entitled to a twelve-man jury, and not being able to have a twelve-man jury due to this unavoidable casualty, the Court has no alternative but to declare a mistrial and a mistrial is therefore declared."

Subsequently, petitioner's case, for his second trial, appeared on the district court docket beginning September 12, 1966. On September 8, 1966 petitioner filed his "Plea of Former Jeopardy" in the district court. On the following day a hearing was had on the plea of former jeopardy, at which time the facts in dispute were stipulated. At the conclusion of the hearing, the court overruled petitioner's plea. On September 13, 1966 petitioner filed his petition in this Court for a writ of prohibition.

The County Attorney filed a response to the order to show cause, and represented

the District Judge before this Court. September 16, 1966 arguments were heard as to this Court assuming jurisdiction; and thereafter on January 19, 1967 the case was argued on its merits.

In his response the county attorney stated: "The State, relying on the authority of Ex parte Hollingsworth, 46 Okl.Cr. 353, 287 P. 840, refused to waive its right to a 12-man jury, and the Respondent Judge had no discretion but to declare a mistrial and discharge the jury."

 The county attorney is in error in his statement. It is always a matter of discretion of the trial judge, whether or not a mistrial shall be declared. Likewise, it is a matter of judicial discretion any time a jury is discharged prior to reaching a verdict. As we read the Hollingsworth case, supra, it pertains to the right of both the State and the defendant *"to waive altogether the right to a trial by jury in criminal cases"*; and, that the State has an equal right to that of defendant to dispense with one or more jurors, during the trial. But, the issue discussed in the Hollingsworth case is not the same, which exists in this case

The question presented by this case is not whether or not all parties agree to the waiver of a jury, but, instead, whether or not the jury was properly discharged after the trial was commenced, and before it was concluded. If the jury was *unnecessarily discharged,* petitioner's plea of former jeopardy is valid.

 As we read the transcript of the proceedings of June 20, we readily ascertain that four of the five requirements necessary to show when jeopardy has attached are clearly met. They are: the defendant had been put upon trial before a court of competent jurisdiction; the information against the defendant was sufficient to sustain a conviction; the jury had been impaneled and sworn to try the case; and, the discharge of the jury was without the consent of the defendant. See: Yarbrough v. State,

90 Okl.Cr. 74, 210 P.2d 375; and Pickens v. State, Okl.Cr., 393 P.2d 889.

Therefore, the only question to be answered is: Was the jury unnecessarily discharged by the court?

 The transcript of proceedings before this Court reveals that the only reason given for the discharge of the jury was that all the parties could not agree to proceed with the trial, with an eleven-man jury. The disagreement existed only because the State "refused to waive its right to a 12 man jury". But, we submit that the time for the waiver referred to by the county attorney had long since been passed. In this case, neither side waived the jury, but instead a jury was selected and sworn to try the case.

 The matter of discharging the jury is discussed at length in Yarbrough v. State, supra, and much of the Yarbrough opinion is recited in Pickens v. State, supra. In the Yarbrough case, this Court clearly stated that the necessity for the discharge of the jury must affirmatively appear in the record; and that the defendant's right to have the jury impaneled and sworn to pass upon his case was one which *should not have been set aside except for a very cogent and compelling reason.* In an Arkansas case, the Arkansas Supreme Court used the term, while explaining justification for the discharge of the jury, "overruling necessity". See Jones v. State, 230 Ark. 18, 320 S.W.2d 645.

21 Am.Jur.2d, § 194, p. 246, discusses the modern rule pertaining to the discharge of the jury prior to its returning a verdict, as it related to former jeopardy. Therein it reads:

"* * * [T]he power to discharge [the jury] is to be exercised *only where there is a cogent reason or a manifest necessity.*" (Emphasis added)

The reason given for the discharge of this jury was that the parties could not agree to proceed with the trial with an eleven-man jury; which was based upon the State's refusal to waive its right to a

twelve-man jury. This is not a cogent or compelling reason; but instead has the appearance of being an arbitrary or adamant position, not based upon any necessity whatsoever. As stated hereinbefore, the point of waiver referred to in the Hollingsworth case, supra, which is based upon the provisions of Article 7, § 20 of the Oklahoma Constitution, had already been passed.

Once the jury has been selected and sworn to try any criminal case, the jury should not be discharged prior to returning a verdict, except for a cogent or compelling reason, or for a manifest necessity. In situations such as the one presented by this case, the State unnecessarily places itself in the position of confronting a valid plea of former jeopardy. It is difficult to see how the State could be jeopardized under these circumstances. Insofar as a unanimous verdict is required to sustain a conviction, it would appear that the State's chances of obtaining such a unanimous conviction with an eleven-man jury would be enhanced. The converse would likewise be true, where the jury should be increased by one juror. Were the latter situation before us, we would unhesitatingly sustain the State's position.

On the other hand, when the defendant offers a cogent or compelling reason to declare a mistrial and discharge the jury, it merely lessens the burden of discretion on the trial judge, and may cause the defendant to be submitting to a new trial without further objection.

We are of the opinion in this case, the district judge should have sustained petitioner's plea of former jeopardy in the district court, for the reason the State did not offer a sufficient reason for not proceeding with the trial.

Therefore, for the reasons herein stated, we are of the opinion that the writ of prohibition prayed for should be, and the same is, therefore, granted; and the district court of Pottawatomie County, Oklahoma, is directed to dismiss the charges pending against petitioner in that court in case No. 6389; and the same charges should not be filed again.

Writ of Prohibition granted.

NIX, P. J., and BUSSEY, J., concur.