## THE PEOPLE v. GILL.

The crime of murder is committed at the time when the fatal blow is struck.
Where an Act is passed between the time of the commission of the act and the death of the victim, defining the offence, and providing for its punishment, and providing that upon trials for crimes committed previous to its enactment, the party shall be tried by the laws in force at the time of the commission of the crime, the prisoner must be tried under the law in force when the violation of the law was committed.

APPEAL from the District Court of the Sixth Judicial District.

The defendant was indicted for the crime of murder, charged to have been committed March 22, 1856. The case was tried September 8, 1856. The jury found a verdict of guilty of murder in the second degree. Defendant moved for a new trial, which was overruled, and defendant appealed.

*Bowie & Griffith* for Appellant.

This is an indictment for murder, charged to have been committed by the appellant, on the 22d day of March, A. D. 1856, upon the person of one Allen McClory. Upon the trial the jury found a verdict of guilty of murder in the second degree.

The crime, if committed, was committed on the 22d March, A. D. 1856, when no such crime as murder in the second degree was known to the land. The Act defining and providing for the punishment of this offence was not passed until April 16th, 1856—long after the act charged in the indictment is alleged to have been done—that Act specially provides that upon all trials for crimes committed previous to its passage, they shall be tried by the laws in force at the time of their commission. See statute 1856, p. 221, § 106.

This trial, then, was had under a law that had no existence; the jury found their verdict under a misapprehension of the law; the trial itself is a nullity, as also is the verdict.

*William T. Wallace, Attorney General,* for the People.

The prisoner is charged with the crime of murder, committed on the 22d day of March, 1856. The evidence shows that the killing took place on that day. As the law then stood he was guilty of murder or of voluntary manslaughter; if the latter, he might be imprisoned three years. See Compiled Laws, pp. 640, 641.

But on the 19th of April last, the law was amended, (Stat. 1856, p. 220.) Murder is divided into murder of the first and second degrees—the former is punishable by death, the latter by imprisonment, which may extend to life. Manslaughter is made punishable by imprisonment for ten years.

The jury found the prisoner guilty of "murder in the second degree," and the Court sentenced him to ten years imprisonment. When the

41

deed was done there was no such offence as murder in the second degree—and the state of the law was such that if guilty the prisoner must either have been executed or imprisoned not exceeding three years. Under such circumstances, I do not think that the conviction can be sustained. The Act of April 19th, when applied to this case, becomes *ex post facto.*

Mr. Chief Justice MURRAY delivered the opinion of the Court. Mr. Justice TERRY concurred.

The prisoner was indicted for murder, charged to have been committed on the 22d day of March, 1856, and was found "guilty of the crime of murder in the second degree."

At the time of the killing, charged in the indictment, there was no such crime known to the law as murder in the second degree, and the party could only have been convicted of murder or manslaughter.

The Act defining the offence of which the prisoner is found guilty, was not passed until the 16th of April, 1856, and provides that, upon trials for crimes committed previous to its passage, the party shall be tried by the laws in force at the time of the commission of such crime.

It is supposed, however, that this case presents an exception to the rule thus established. The blow was given before, but the death ensued after, the passage of the last statute. The death must be made to relate back to the unlawful act which occasioned it, and as the party died in consequence of wounds received on a particular day, the day on which the act was committed, and not the one on which the result of the act was determined, is the day on which the murder is properly to be charged.

Besides this, although it is not absolutely necessary to state the precise day on which the killing took place, still, a conviction in a case like the present, where the party was called upon, by the indictment, to answer an offence under one statute, and was found guilty under another, would be bad, and ought to be arrested on motion.

The judgment is reversed, and the Court below directed to re-try the prisoner for murder.