## STATE OF MINNESOTA *vs.* RICHARD GESSERT.

March 25, 1875.

**Indictment for Murder—Blow Struck in this State, followed by Death in another State.**—An indictment charging defendant with committing the crime of murder, by feloniously, etc., inflicting upon David Savazyo, etc., on August 28, 1874, in Washington county in this state, a stab or wound, of which, upon the same day, said Savazyo died in the county of Pierce, and State of Wisconsin, *Held* to charge the *commission* of the offence in the county of Washington.

Indictment found in the district court for Washington county. Defendant demurred, and *Crosby,* J., reported the case for the decision of this court, under ch. 76, Laws 1870.

*Geo. P. Wilson,* Attorney General, for the State.

*Erwin & Pierce,* for defendant.

BERRY, J. The indictment in this case was found by a grand jury of Washington county, and charges the defendant with committing the crime of murder, by feloniously, etc., inflicting upon David Savazyo, on August 28, 1874, in said county, a stab and wound, of which, upon the same day, Savazyo died in the county of Pierce, and State of Wisconsin. The question in the case is whether the indictment charges the commission of an offence in the county of Washington.

It is for his acts that defendant is responsible. They constitute his offence. The place where they are committed,

24

must be the place where his offence is committed, and therefore the place where he should be indicted and tried. In this instance, the acts with which defendant is charged, to wit, the stabbing and wounding, were committed in Washington county. The death which ensued in Pierce county, though it went to characterize the acts committed in Washington county, was not an act of defendant, committed in Wisconsin, but the consequence of his acts committed in Washington county, against the peace and dignity of the State of Minnesota. We are therefore of opinion that the indictment charges the commission of the crime of murder in Washington county, and, upon the questions certified to this court by the court below, that the demurrer to the indictment should be overruled. *Riley* v. *State*, 9 Humph. 646; *Com.* v. *Parker*, 2 Pick. 550, 559; 1 East, P. C., ch. 5, § 128; *Rex* v. *Burdett*, 4 B. & Ald. 95, 173; *Grosvenor* v. *Inhabitants etc.*, 12 East, 244; *People* v. *Gill*, 6 Cal. 637; *State* v. *Carter*, 3 Dutch. 499; 1 Hale, P. C., ch. 33; 1 Bish. Cr. Law, § 83; 1 Bish. Cr. Proc. § 67; 2 Wharton Cr. Law, § 1052.