[No. 2195.  Decided June 19, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. EDWIN BALDWIN *et al., Appellants.*

HOMICIDE — SUFFICIENCY OF INFORMATION — PLACE OF DEATH — DYING DECLARATIONS — COMPETENCY — PAROL EVIDENCE OF MEMORANDA — INSTRUCTIONS.

Under Laws 1891, p. 47, § 4, providing for the trial of all criminal actions in the county where the offence was committed, it is not necessary, in an information charging the commission of murder in a certain county, to also allege the place of death of the deceased, in order to give jurisdiction to the court of the county where the offence was committed.

Where an information charges the commission of murder in a certain county, but fails to allege where the deceased died as a result of the assault upon him, the introduction of proof showing death in the county in which the assault was made is harmless error.

The constitutional provision declaring that the accused shall have the right to meet the witnesses against him face to face, will not exclude evidence of dying declarations.

Proof of conviction of an infamous crime may be given to affect the credibility of one making dying declarations, but cannot be urged as a ground for their exclusion.

The fact that, for some days after deceased had been shot, he had no fear of impending death, is not ground for excluding his dying declarations, when it appears that at the time they were made, his condition had grown more serious, and he had been told by the doctor he was about to die, and had said that he realized it.

Where a dying declaration has been made to an attorney, who afterwards, not in the presence of the deceased, reduced it to writing, but not always in the language of the deceased, even including incorrect statements in one or two minor matters, and the declaration is subsequently read to the deceased and signed by him, it is still admissible in evidence, as a question for the jury to pass upon.

The fact that notice had been served upon the state to produce a certain memorandum book at the trial of a criminal prosecution, which the state was unable to produce for the reason that it had been removed from the jurisdiction of the court, will not preclude the state from contradicting oral testimony on the part of the defendant as to the contents of an entry in dispute.

It is not error upon the part of the court to refuse to give instructions in the language requested, although the same may correctly state the law, if the court fairly gives substantially the same instructions in other language.

Appeal from Superior Court, Skagit County.—Hon. HENRY MCBRIDE, Judge. Affirmed.

*Lindsay, King & Turner,* and *Sinclair & Smith,* for appellants.

*George A. Joiner,* Prosecuting Attorney, and *J. T. Ronald,* for The State.

The opinion of the court was delivered by

SCOTT, J.—The defendants were convicted of manslaughter and have appealed. The body of the information under which they were tried is as follows:

" Edwin Baldwin, Ozro Perkins and Ulysses Loop are accused by George A. Joiner as Prosecuting Attorney of Skagit County, State of Washington, by this information of the crime of murder in the first degree committed as follows:

The said Edwin Baldwin, Ozro Perkins and Ulysses Loop in the County of Skagit, State of Washington,

on the 9th day of August, A. D., 1895, then and there being did purposely and of their deliberate and premeditated malice kill one Alonzo Wheeler by then and there purposely and of their deliberate and premeditated malice striking and beating him the said Alonzo Wheeler with a heavy stick, towit: a cane, kicking and stamping him with the heels of their boots and shoes and shooting him with a certain gun, towit: a revolver, loaded with powder and ball, thereby mortally wounding the said Alonzo Wheeler of which mortal wounds he the said Alonzo Wheeler, on the 15th day of August, A. D., 1895, died."

The defendants demurred thereto on the ground that the facts charged do not constitute a crime, and the overruling of the demurrer is insisted upon as error, for the reasons that while the information charges that the blow was given in Skagit County on the 9th day of August, 1895, it also alleges that the deceased did not die until the 15th day of August, and the place of death is not alleged. This contention is urged on two grounds, one of which is that the court had no jurisdiction to try the offence. The other is that it violated the constitutional right of the defendants to be informed of the nature and cause of the accusation against them. In support of the first ground appellants cite *Ball v. United States*, 140 U. S. 118 (11 Supt. Ct. 761). But that case was decided under the common law rule, and it is not applicable here under our statutes. Sec. 4, p. 47, Laws 1891, provides for the trial of all criminal actions in the county where the offence was committed, and this offence was committed in Skagit County, regardless of the time or place of death of the deceased.

The next objection does not seem to have been presented to the court on the argument of the demurrer, but was raised by an objection at the trial to proof of

the place of death offered by the state. It was not an error going to the jurisdiction of the court, and from the proofs it is apparent that no harm resulted to the defendants.

The next question is that the defendants could not be tried by information, but must be prosecuted under an indictment by a grand jury. As this point had been previously decided by this court contrary to the contentions of appellant, in a case pending on an appeal to the supreme court of the United States (*State v. Nordstrom*, 7 Wash, 506, 35 Pac. 382), it was not urged upon the oral argument, the desire of appellants being to save the question, and the court will at this time follow its former ruling.

The point mainly relied upon by the appellants is that the court erred in admitting in evidence the dying declaration of the deceased, appellants contending that such evidence is inadmissible in any case under the constitution and laws of this state, and as relating to this particular declaration it is contended that it was inadmissible because the deceased had been convicted of an infamous crime, and had not been pardoned, that it did not appear sufficiently by the evidence that at the time of making the declaration the declarant was impressed with the belief of impending death, and because it appears from the record that such dying declaration is not in the language of the declarant, and there being some proof to show that a portion of it is contrary to his statements. As to the first proposition the provision of the constitution is cited declaring that the accused shall have the right to meet the witnesses against him face to face, etc. (§ 22, art. 1); and also § 1309, Code Proc., providing that "the rules of evidence in civil actions, so far as practicable, shall be applied to criminal prosecu-

tions." It is conceded by appellants that such declarations have been commonly admitted in evidence under a constitutional provision similar to ours, and it has been the practice in this state up to the present time. We regard it as so well settled that the question is no longer an open one. There was some testimony to show that the deceased had been convicted of a felony, and appellants contend that for this reason the dying declaration should not have been received, as it would have been inadmissible under the common law rule. But this is because such person would not have been a competent witness if alive. In this state the statute has changed the rule, § 1647, Code Proc., and the deceased would have been a competent witness, had he been living, the conviction having been for stealing cattle. The conviction could be shown for the purpose of affecting his credibility. As the statute has changed the rule admitting such testimony by a living witness, the same results should follow as to a dying declaration, for the same proof of conviction can be made to affect the credibility of the declaration, and it was done in this instance.

There was also testimony to show that for some days after the deceased was shot he had little or no fear of impending death, but this was prior to the time his declaration was made, and the proof showed that at the time such declaration was made, he had experienced a change and had grown much more serious. He had been informed by the doctor that he was about to die, and said that he realized it. This was sufficient to make the declaration admissible. It also appeared that the deceased had sent for an attorney and had related to him the circumstances of the shooting, and that some time thereafter, said attorney reduced the

same to writing, not in the presence of the deceased,
and not always in the language of the deceased, and it
also appears that in one or two matters said attorney
testified the statement was incorrect, and that he had
made a mistake therein in reducing it to writing, but
it appears that the statement had been read to the de-
ceased a short time before his death, and that, after
directing a portion of it to be re-read to him, he
seemed satisfied with it and signed it. The fact that
it was not in the exact language of the declarant would
not render it inadmissible. Nor would the testimony
of the attorney who reduced it to writing that it was
incorrect in one or two particulars, as it would still
be a question of fact for the jury. The alleged mis--
take related to an unimportant matter leading up to
the time of the controversy, and it probably escaped
the attention of the declarant at the time the same
was read over to him. None of the objections raised
against the admission of the dying declaration are
tenable.

It is next contended that the court erred in allow-
ing witnesses for the state to contradict certain testi-
mony given by witnesses for the defendants as to the
contents of a certain memorandum book, going to
show that a certain entry therein was made prior to
the time of the shooting. A notice had been served
upon the state to produce the book at the trial, but
being unable to comply therewith, the defendants were
permitted to give oral proof of its contents. It ap-
peared by the defendants' testimony that the book
had been taken beyond the jurisdiction of the court
prior to the time of the trial. It does not appear that
there was any bad faith upon the part of the prosecu-
tion in failing to produce the book, or that it was pos-
sible for the prosecution to have produced it. We

know of no rule of law that would prohibit the state from contradicting the testimony as to the contents of the book given by the witnesses for the defense.

The instructions given by the court upon the subject of the dying declaration and the question of self-defense were voluminous, and they are attacked by the appellants in a great many particulars. It is contended that the court did not give some of the instructions requested, even in substance, which correctly stated the law. But we do not think this contention is sustained by the record and the only ground for complaint is that the court failed to give some of the instructions in the language requested. We have often held that it was not error upon the part of the court to refuse to give instructions in the language requested, although the same might correctly state the law, if the court should fairly give substantially the same instructions in other language, and we think in this instance that every instruction requested by the defendants which they were entitled to have given, was in substance fairly given by the court to the jury, and being of the opinion that no new points are presented for our consideration in the questions raised over the instructions in this case, we do not deem it advisable to set them forth at length. After an examination thereof we are satisfied that the court fairly and impartially submitted the case to the jury, and that the defendants have no just ground of complaint as to any of the instructions given or refused.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.