[No. 1990, June 1, 1917.]
STATE v. MONTES.

### SYLLABUS BY THE COURT.

1. An indictment charging A. with having inflicted a mortal wound upon B. of which mortal wound the said B. thence continually languished until a certain day, the said B. languishing did die, sufficiently alleges that B. died of the mortal wound alleged to have been inflicted by A.

P. 532

2. (a) Under section 5570, Code 1915, trial of one charged with homicide may take place either where the mortal wound was inflicted or where the person died. Held that, where homicide is prosecuted in county where mortal wound was inflicted, indictment which omits allegation of place of death of deceased is not fatally defective.

P. 533

(b) Nonjurisdictional questions cannot be raised first time on appeal.

P. 536

Appeal from District Court, Grant County; Neblett, Judge.

Pedro Montes was convicted of murder in the first degree, and he appeals. Affirmed.

A. B. Renehan of Santa Fe for appellant.

Indictment does not sufficiently allege death.

Territory v. Lovato, 17 N. M. 666 is contrary to forms and precedents of law and should be overruled.

The common law is the rule of decision and practice here.

Du Bor v. State, 18 N. M. 246.

Indictment is defective because place of death not averred.

Ball v. U. S., 140 U. S. (L. ed.) 377; Albright v. Terr., 69 Pac. (Okla.) 789; State v. Sondheimer, 95 Mo., 311; State v. Mayfield, 66 Mo., 125; People v. Aro, 6 Cal., 207; 65 Am. Dec., 503; People v. Wallace, 9 Cal. 30; People v. Cox, 9 Cal., 32; Turpin v. State, 80 Ind., 148; Nash v. State, 2 Greene, 286; State .v Kennedy, 8 Rob. (La.) 591; State v. Cummings, 5 La. Ann., 330; Stoughton v. State, 13 Smeeds & M., 255; Riggs v. State, 26 Miss., 51; State v. Hainey, 67 N. C., 467; State v. Orrell, 12 N. C., 139; 17 Am. Dec. 563; State v. Coleman, 17 S. C., 473; State v. Blakeney, 33 S. C., 111; Riley v. State, 9 Humph., 646; 2 Hawk. P. C., b. 2, Ch. 25, Sec. 36; 1 Chitty Crim. L. 178; 3 Chitty Crim. L. 732; State v. Orrell, 12 N. C., 139.

Even under statutory forms the omission of the words "then and there" before the word "died" is fatal.

Riggs v. State, 26 Miss., 51; Chapman v. People, 39 Miss., 357.

H. S. BOWMAN, Assistant Attorney General for the State.

Indictment alleges cause of death with sufficient particularity.

Territory v Benito Lovato, 17 N. M., 666, 134 Pac. 222.

Place of death need not be averred.

Sec. 5570, Code 1915.

Robertson v. State, 42 Fla. 212; 28 So. 427; Mathis v. State of Fla., 45 Fla. 46; 34 So. 287; Roach v. State, 34 Ga. 78; State v. Bowen, 16 Kansas 476; Albright v. Territory, 11 Okla., 497; 69 Pac. 789; State v. Baldwin, 15 Wash. 15; 45 Pac. 650; Commonwealth v. Snell, (Mass.) 5 L. R. A. (U. S.) 1019; Note.

## OPINION OF THE COURT.

HANNA, C. J. The appellant, Pedro Montes, was tried and convicted of murder in the first degree in the district court for Grant county and sentenced to be hanged.

[1] The transcript filed by appellant contains only the record proper, and but two questions are presented for our consideration. The first question is that the trial court was without jurisdiction for the reason that the indictment is defective in not stating the cause of death of Rufina Villanueba. After alleging the assault, the indictment proceeds to charge the following:

" * * * did strike, penetrate and wound, giving to the said Rufina Villanueba, then and there with the leaden bullets aforesaid, * * * in and upon the head and body of her the said Rufina Villanueba, one mortal wound, of which said mortal wound the said Rufina Villanueba, thence continually languished until the eighth day of January, in the year aforesaid, she the said Rufina Villanueba languishing did die."

The contention of appellant is that Rufina Villanueba, though mortally wounded, might have languished of the hurt and died of poison, pneumonia, or of another assault, for all that the indictment discloses. Counsel for appellant criticizes the holding of this court in the case of Territory v. Benito Lobato, 17 N. M. 666, 134 Pac. 222, L. R. A. 1917a, 1226, saying that "the court evidently strained the law against the defendant, instead of in his favor." This statement and others contained in his brief are without any foundation whatever. The Lobato Case, cited supra, is controlling on this point of law. There the indictment alleged:

"Of which said mortal wound, the said Juan Trujillo thence continually languished until, on the 30th day of December, A. D. 1909, * * * he there died."

The court held that the indictment sufficiently alleged that the deceased died of the mortal wound inflicted by the appellant in that case, saying:

· "We do not believe the language used in the indictment and quoted above, by any rule of construction, justifies the assertion that it does not charge that the deceased died of the

mortal wounds inflicted by the defendant. Briefly stated, and stripped of legal verbiage, the indictment charged that Trujillo was given a mortal wound, by the defendant, 'of which mortal wound' the said Trujillo 'there died.' It is true, the indictment alleges, after using the language 'of which said mortal wound,' that 'the said Juan Trujillo continually languished until, on the 30th day of December, A. D. 1909, between the hours of 2 and 3 o'clock in the morning of said day,' and that such language intervenes between the words 'of which said mortal wounds' and 'he there died,' still it is all a part of one sentence, and such language simply relates to what occurred between the infiction of the wounds and the death. The charge is that he died of the mortal wounds, so received, and the recital is made that, of the mortal wounds so received, he languished, followed by a statement of the time of his death. The charge is all part of one sentence, separated only by commas, and only by a strained construction can appellant's contention be sustained."

The position of appellant on this point, in the face of the foregoing decision, is wholly without merit.

[2] (a) The second proposition urged by appellant is that the indictment is defective because it fails to allege the place of death of Rufina Villanueba. The indictment alleges that:

"In the year aforesaid, in the state of New Mexico aforesaid, she the said Rufina Villanueba languishing did die."

Appellant contends that the indictment should have alleged definitely the county wherein death occurred, and that an allegation of the definite place of death is essential. Numerous cases are cited by appellant to the effect that at common law the indictment must allege that the deceased died in the county in which the indictment was found, such allegation being necessary in order to confer jurisdiction, and the case of State v. Coleman, 17 S. C. 473, is cited as authority that such an allegation is necessary even where a statute permits indictment and trial of an offense, either where the moral wound was inflicted or where death ensued. That case does so hold, but it is one holding to the minority doctrine. There the statute made specific provisions for the place of trial, where the injury causing the death was inflicted within the limits of that state and death ensued beyond the limits; where the in-

jury was inflicted by a person within the limits of the state upon a person without the limits of the state, or vice versa; where the injury causing death was inflicted by one person in one county and death ensued in another; and where the injury causing death was inflicted by a person who was in the bounds of one county upon a person who was in the bounds of another county. The court said that the statute did not purport to make any change in the rules of criminal pleading, and the indictment, not having alleged the place of death, was defective, both under the statute and under the common law. Apparently, the court lost sight of the purpose and necessity of the allegation, for its principal purpose, under common-law pleading was to exhibit the venue of the offense, and thereby aver jurisdiction. But numerous other cases, where statutes of the same purport were in effect, reached a contrary conclusion. In State v. Baldwin, 15 Wash. 15, 45 Pac. 650, the indictment failed to allege the place of death, and appellant urged that it was therefore defective because it disclosed that the court had no jurisdiction of the offense and that it violated his constitutional right to be informed of the nature and cause of the accusation against him. The court referred to Ball v. U. S., 140 U. S. 118, 11 Sup. Ct. 761, 35 L. Ed. 377, relied upon in the case at bar by appellant, and said that it was decided under common-law principles and was not applicable to the case then at bar because of the existence of a statute of Washington, which provided among other things, that all criminal trials should be held in the county where the offense was committed. Speaking to the contention that the failure to allege the place of death deprived appellant of his constitutional right to be appraised of the nature and cause of the accusation against him, the court said that the proposition was not presented to the trial court, and "it was not error going to the jurisdiction of the court, and from the proofs it is apparent that no harm resulted to the defendants." In Roberson v. State, 42 Fla. 212, 216, 28 South, 427, 429, the identical question presented in this case was before the court. It said that the true common-law rule probably was that the offense was committed where the

mortal wound was inflicted. The court, under a statute similar to ours (section 5570, Code 1915), said:

"So far as showing jurisdiction in the court is concerned, it is evident, under the statutes mentioned, that an allegation of a mortal wound in a county in this state, and the consequent death therefrom within a year and a day, would be sufficient to give jurisdiction in the county where the mortal blow was struck. If the mortal wound is inflicted in a county in this state, jurisdiction attaches there, whether the death results in another county of the state, or beyond its territorial limits. The question here, however, is not entirely one of jurisdiction, but one, also, of pleading, and a direct assault was made on the indictment by motion to quash on account of the failure to allege where the death occurred. The American decisions are in conflict on the point, an apparent majority in number sustaining an indictment without an allegation as to the place of death."

The justice writing the opinion in that case said that he believed that the place of death should be averred in an indictment for homicide, but the majority of the court reached the opposite conclusion, in view of the statute. In the concurring opinion, the court reasoned that at common law the place of death might be laid in the county where the mortal wound was inflicted, and that proof of death in a different county was not a fatal variance; hence it was apparent that the allegation was essential only for the purpose of showing venue or jurisdiction . Under the statute of that state, similar to ours as we have said, the indictment was held to be good. In Albright v. Territory, 11 Okla. 497, 69 Pac. 789, the court said that the allegation of the place of death was essential at common law, to confer jurisdiction, but that under the statute of that state, providing for trial of homicide, either where the mortal wound was inflicted or death occurred, the allegation was not essential. See, also, Loyd v. State, 6 Okla. Cr. 76, 116 Pac. 959, 961; State v. Jones, 38 La. Ann. 792; State v. Bowen, 16 Kan., 475; 13 R. C. L. "Homicide," § 185; and note to Commonwealth v. Snell, 3 L. R. A. (N. S.) 1019. In this note the author concludes that an allegation of the place of death is not necessary under statutes giving the court of either the place where the mortal wound was inflicted, or where death occurred, jurisdiction over

the homicide. The cases for and against this conclusion will be found collected in that note.

[2] (b) We are satisfied that the contention of appellant on this point is without merit, but an additional reason exists for that conclusion. The record fails to disclose that the indictment was made the subject of attack on this point at any time. The court acquired jurisdiction by the allegation that the mortal wound was inflicted in the county of Grant, and the question presented, made on the theory that the indictment should have been more definite so that appellant might intelligently prepare his defense, is non-jurisdictional and cannot be considered here for the first time.

The only other contention made by appellant is that the indictment attempts to charge several offenses, the attack being on the ground of grammar and syntax, and that section 5570, Code 1915, has no bearing upon the second point discussed herein. The indictment is not defective for the reasons argued or assigned, and the conclusion reached in the discussion of the second point herein makes it unnecessary to restate the reasons why the second contention under this point is without merit.

The judgment of the trial court is therefore affirmed, and it is so ordered.

PARKER and ROBERTS, J. J., concur.