PEOPLE, PLAINTIFF AND APPELLEE, v. PÉREZ, DEFENDANT
AND APPELLANT.

APPEAL from the First District Court of San Juan in a
Prosecution for Voluntary Manslaughter.

No. 2222.—Decided June 3, 1924.

PLEADING—JURISDICTION—BILL OF PARTICULARS.—Section 8 of the Code of Crim-
inal Procedure provides that the jurisdiction of an offense shall be in the
district court of the district where the offense has been committed; there-
fore, an information which states the place where the crime was committed
need not allege the place of the death, for the defendant can obtain this
information, if desired, by asking for a bill of particulars.

The facts are stated in the opinion.

Mr. J. B. Soto for the appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the
court.

On June 25, 1923, Pedro Pérez was found guilty of vol-
untary manslaughter and sentenced to ten years in the peni-
tentiary at hard labor. He appealed and assigns in his
brief the single error that the indictment did not allege facts
sufficient to constitute the crime of which he was convicted.
The indictment reads as follows:

"May 10, 1923. By this indictment the grand jury for the ju-
dicial district of San Juan, P. R., charges Pedro Pérez with the
crime of murder (felony) committed in the following manner: The
said Pedro Pérez, on January 29, 1923, and in the municipality of
San Juan, within the jurisdiction of the First District Court of
San Juan, unlawfully, wilfully and maliciously, with malice afore-
thought, in a deliberate manner and with firm intent to kill, show-
ing a perverted and malignant heart, assaulted Gavino Cortijo
with a revolver, a deadly weapon, firing several shots and inflict-
ing upon him serious injuries which produced his death; all of
which is contrary to the law in such case made and provided and
against the peace and dignity of The People of Porto Rico.—Signed:
José Ramón Quiñones, Acting District Attorney of San Juan."

And the appellant maintains that the indictment is fatally
defective because it does not state the place where the vic-

tim died, citing the case of *Ball* v. *United States,* 140 U.
S. 118.

Admitting that the indictment does not allege the place
where the death occurred, yet we think that it is sufficient
in accordance with the law in force in Porto Rico and the
jurisprudence applicable, inasmuch as it alleges the place
where the assault was committed and the fact that the victim
died.

Wharton expresses himself as follows:

"The rule has been asserted, however, that where the injury is
inflicted in one jurisdiction, and death ensues in another, under the
doctrine that the fatal blow constitutes the only criminal act of the
accused, and that the place of such blow is the place where he
committed the crime, an information for murder is sufficient which
charges the giving of the fatal blow in the county in which the pros-
ecution is had, and the fact of the ensuing death, although it fails
to allege specifically in what county or state the death took place.
And under statutes providing for the trial of criminal actions in
the county where the offense was committed, an information or
indictment alleging the place where the offense was committed need
not also allege the place of the death." Wharton on Homicide,
page 845.

In the case of *People* v. *Matos,* 26 P.R.R. 520, 525, this
court said:

"According to the common law, the accused could be tried in
the district in which the death occurred although the wounds had
been inflicted in another jurisdiction; but in jurisdictions like ours
in which section 8 of the Code of Criminal Procedure provides that
the jurisdiction of an offense shall be in the court of the district in
which the offense was committed, the jurisdiction is not determined
by the place of the death, but by the place where the wounds causing
the death were inflicted; therefore it was not necessary to allege
the place of the death."

It is true that in the *Ball Case, supra,* the Supreme Court
of the United States said:

"And while it may be conceded that as this indictment was
found on the 17th of October, 1889, and the day of the assault is

fixed as on the 26th of June of that year, and it is asserted that Box died, the failure to aver the time of death is not fatal, we hold that the omission to state the place is so. By section 1035 Rev. Stat. a party may be found guilty of any offence the commission of which is necessarily included in that with which he is charged in the indictment, or may be found guilty of an attempt to commit the offence so charged. The verdict found the defendants guilty as charged, and the order of November 15 used no other language. Defendants were well charged with assault, but not with murder, and the verdict must be held to have related only to that which was well charged, upon which no such judgment as that before us can be sustained.''

But the court was applying a statute different from that in force in Porto Rico. See what the Supreme Court of the State of Washington, where the statute is similar to ours, has said in this connection:

''The defendants demurred thereto, on the ground that the facts charged do not constitute a crime, and the overruling of the demurrer is insisted upon as error, for the reasons that while the information charges that the blow was given in Skagit county, on the 9th day of August, 1895, it also alleges that the deceased did not die until the 15th day of August, and the place of death is not alleged. This contention is urged on two grounds, one of which is that the court had no jurisdiction to try the offense. The other is that it violated the constitutional right of the defendants to be informed of the nature and cause of the accusation against them. In support of the first ground appellants cite Ball v. U. S., 140 U. S. 118, 11 Sup. Ct. 761. But that case was decided under the common-law rule, and it is not applicable here under our statutes. Section 4, p. 47, laws 1891, provides for the trial of all criminal actions in the county where the offense was committed, and this offense was committed in Skagit county, regardless of the time or place of death of deceased.'' *State* v. *Baldwin,* 45 Pac. 650.

The appellant also invokes the case of *State* v. *Cummings,* 5 La. Ann. 286, wherein the Supreme Court of Louisiana held the following:

''The place of the death must also be averred, because the averment of death is a material allegation to constitute the crime of

manslaughter; and it is an immemorial and fixed principle of criminal pleading that every material averment in an indictment must be stated with time and place.

"Every writer upon pleadings in criminal cases states that the place of the death, in a prosecution for homicide, must be stated. All the forms given in books of practice set forth the place of the death; and all the adjudicated cases, in which a question as to the necessity of stating the place of the death in the indictment has been raised, required it to be stated.

"Among the obvious reasons rendering it necessary to state the place of the death, it is necessary to enable the accused to defend himself by showing, if possible, that no death occurred at the place indicated, or that another person than the one to whom he gave the blow died there, or that the one to whom he gave the blow died from another cause."

With regard to the first two paragraphs it is a sufficient answer to them to quote what was said by the Supreme Court of Washington in the *Baldwin Case, supra,* and by this Supreme Court in the *Matos Case;* and with regard to the last paragraph, on which counsel for the appellant laid great stress at the hearing, it may be said that if the defendant thought it necessary for his defense that the district attorney should aver the place where the death occurred he could move the court for a bill of particulars. In that manner the rights of the accused are harmonized with the rule prescribed by the modern statutes.

The only assignment of error made by the appellant being without merit, it is necessary to dismiss the appeal and affirm the judgment appealed from.

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.