EL PUEBLO, DEMANDANTE Y APELADO, v. PÉREZ, ACUSADO
Y APELANTE.

No. 2222.—*Visto:* Febrero 21, 1924. *Resuelto:* Junio 3, 1924.

ACUSACIÓN — JURISDICCIÓN PARA CASTIGÁR DELITOS — CORTE COMPETENTE — SITIO DONDE OCURRIÓ LA MUERTE—BILL OF PARTICULARS.—Disponiendo el artículo 8 del Código de Enjuiciamiento Criminal que la jurisdicción correspondiente a los delitos radica en la corte de distrito del respectivo distrito judicial dentro del cual se cometieren, una acusación o información que alega el lugar donde el delito fué cometido no necesita alegar el lugar de la muerte, dato que puede obtener el acusado, si a su derecho conviene, solicitando un ''bill of particulars.''

SENTENCIA de *Charles E. Foote,* J. (Primer Distrito, San Juan), condenando al acusado por delito de homicidio voluntario. *Confirmada.*

*J. B. Soto,* abogado del apelante; *José E. Figueras, Fiscal,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Pedro Pérez, el 25 de junio de 1923, fué condenado como autor de un delito de homicidio voluntario a sufrir la pena de diez años de presidio con trabajos forzados. No conforme, apeló y en su alegato señala la comisión de un solo error, a saber: que la acusación no contiene hechos suficientes para imputar el delito por el cual fué castigado. La acusación dice así:

''Día 10 de mayo de 1923. Mediante esta información el Gran Jurado del distrito judicial de San Juan, P. R. acusa a Pedro Pérez, del delito de Asesinato (*felony*), cometido del modo siguiente: El referido Pedro Pérez el día 29 de enero A. D. 1923, y en la municipalidad de San Juan, dentro de la jurisdicción de la Corte de Distrito del Primer Distrito Judicial de San Juan, ilegal, voluntaria y maliciosamente, con malicia premeditada y de una manera deliberada y propósito firme de dar muerte, demostrando tener un corazón pervertido y maligno, acometió y agredió con un revólver, que es arma mortífera, a Gavino Cortijo, haciéndole varios disparos e infiriéndole heridas de carácter grave, que le ocasionaron la muerte, todo lo cual es contrario a la ley para tal caso hecha y prevista y contra la paz y dignidad de El Pueblo de Puerto Rico.—Firmado: José Ramón Quiñones, Fiscal Dto. Jud. S. J. en Com.''

Y el apelante sostiene que es fatalmente defectuosa porque no alega el lugar donde ocurrió la muerte de la víctima, citando el caso de *Ball* v. *United States,* 140 U. S. 118.

Aceptando que la acusación no alega el sitio en que ocurrió la muerte, eso no obstante, creemos que es bastante de acuerdo con la ley vigente en Puerto Rico y la jurisprudencia aplicable, ya que alega el sitio donde se realizó la agresión y el hecho mismo de la muerte.

El comentarista Wharton, dice:

"La regla ha sido establecida de que cuando se infiere una agresión en una jurisdicción y la muerte ocurre en otra, bajo la doctrina de que la agresión fatal constituye el único hecho criminal contra el acusado, y que el sitio de tal agresión es el lugar donde se cometió el crimen, una acusación por asesinato es suficiente cuando alega la agresión en el condado en el cual se le acusa o persigue, y el hecho de la ocurrencia de la muerte, aunque deje de alegar específicamente en qué condado o estado la muerte tuvo lugar. Y bajo los estatutos que proveen la celebración del juicio de causas criminales en el condado donde la ofensa fué cometida, una acusación o información que alegue el lugar donde la ofensa fué cometida no necesita también alegar el lugar de la muerte." Wharton on Homicide, pág. 843.

Y esta misma Corte Suprema, en el caso de *El Pueblo* v. *Matos y Matos,* 26 D.P.R. 586, 592, se expresó así:

"En la ley común podía juzgarse el delito en el lugar donde la muerte ocurriera aunque las heridas hubieran sido inferidas en otra jurisdicción, pero en jurisdicciones como la nuestra en la que el artículo 8º del Código de Enjuiciamiento Criminal dispone que la jurisdicción correspondiente a los delitos radica en la corte de distrito del respectivo distrito judicial dentro del cual se cometieren, la jurisdicción para conocer no está determinada por el lugar de la muerte sino por aquel donde la herida que la produce fué inferida y por tanto no necesitaba alegar el lugar de la muerte."

Es cierto que en el caso de *Ball, supra,* la Corte Suprema de los Estados Unidos, dijo:

"Y aunque puede concederse que puesto que esta acusación se presentó en octubre 17, 1889, y se fija el 26 de junio de ese año

como la fecha del acometimiento, afirmándose que Box falleció, la omisión de alegar la fecha del fallecimiento no es fatal, sostenemos que la omisión de expresar el lugar del mismo lo es. De acuerdo con el artículo 1035 de los Estatutos Revisados una persona puede ser declarada culpable de cualquier delito cuya comisión esté necesariamente incluída dentro del delito que se le imputa en la acusación, o puede ser declarada culpable de una tentativa de cometer el delito así imputado. El veredicto declaró a los acusados culpables del delito imputado, y la orden de noviembre 15 no usó otro lenguaje. Los acusados lo fueron correctamente de acometimiento pero no de asesinato, y el veredicto debe considerarse como refiriéndose sólo a aquel delito que estaba correctamente imputado, y sobre él no puede sostenerse una sentencia semejante a la que consideramos.''

Pero la corte aplicaba una ley distinta a la que rige en Puerto Rico. Véase lo que a este respecto expresa la Corte Suprema del estado de Washington, donde la ley es similar a la nuestra:

''Los acusados presentaron una excepción previa por el fundamento de que los hechos imputados no constituían un delito, y se insiste ahora en que la desestimación de la excepción previa fué un error, por las razones de que aunque la acusación imputa que el golpe fué dado en el condado de Skagit, el día 9 de agosto de 1895, también alega que el interfecto no falleció hasta el día 15 de agosto, sin expresarse el lugar de su fallecimiento. Esta contención se presenta basada en dos fundamentos, uno de los cuales es que la corte no tenía jurisdicción para juzgar el delito, y el otro que la corte violó el derecho constitucional de los acusados de ser informados de la naturaleza y causa de la acusación contra ellos. En apoyo del primer fundamento los apelantes citan el caso de Ball v. United States, 140 U. S. 118, 11 Sup. Ct. 761. Pero ese caso fué resuelto bajo una regla de derecho común, y no es aplicable al presente caso bajo nuestros estatutos. La sección 4, p. 47, de las Leyes de 1891, dispone que se juzguen todos los casos criminales en el condado donde el delito fuere cometido, y este delito fué cometido en el condado de Skagit, sin que importe para nada el tiempo o lugar de la muerte del interfecto.'' *State* v. *Baldwin et al.*, 45 Pac. 650.

Invoca también el apelante el caso de *State* v. *Cummings*

5 La. Ann. 286, en el que la Corte Suprema de Louisiana, se expresó así:

"El lugar donde ocurrió la muerte debe también ser alegado, pues la alegación del fallecimiento es una alegación esencial para establecer el delito de homicidio; y es un inconmovible y tradicional principio de enjuiciamiento criminal que toda alegación esencial en una acusación debe expresarse con las circunstancias de tiempo y lugar.

"Todos los autores sobre materia de alegación en casos criminales dicen que el lugar donde ocurrió la muerte debe expresarse en una acusación por homicidio. Todas las fórmulas contenidas en los textos sobre práctica expresan el lugar donde ocurrió la muerte; y todos los casos resueltos en que se ha levantado la cuestión acerca de la necesidad de expresar en la acusación el lugar donde ocurrió la muerte, exijen que así se exprese.

"Entre las razones obvias que hacen necesario expresar el lugar del fallecimiento está la de que es indispensable poner al acusado en condiciones de defenderse demostrando, si es posible, que no ocurrió tal fallecimiento en el lugar indicado, o que persona distinta a la que él hirió falleció en ese lugar, o que la persona que él hirió falleció debido a otra causa."

Con respecto a los dos primeros párrafos, es contestación suficiente lo expresado por la Corte Suprema de Washington en el caso de *Baldwin, supra,* y por esta Corte Suprema en el de *Matos, supra,* y con respecto al último—en el que puso especial énfasis el abogado del apelante en su informe oral—, puede decirse que si el acusado creyere necesario para los fines de su defensa que el Fiscal exprese el sitio donde ocurrió la muerte, puede pedir a la Corte que se lo ordene (*bill of particulars*). De ese modo quedan conciliados los derechos del acusado con la nueva regla establecida a virtud de los nuevos estatutos.

No habiéndose cometido el único error señalado por el apelante, procede declarar sin lugar la apelación y *confirmar la sentencia recurrida.*