Steve Olander BECK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13417.

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1963.

Rehearing Denied Jan. 15, 1964.

Thos. D. Frazier, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

JOHNSON, Judge.

The record before us indicates that information was filed in the municipal criminal court of the City of Tulsa on August 27, 1962, charging this defendant with operating a motor vehicle in the city of Tulsa while under the influence of intoxicating liquor. After a number of continuances, the case was called for trial on March 26, 1963, at which time a mistrial was declared. On April 3, 1963 the defendant filed a motion to dismiss, which was on April 17,

1963 overruled, and exception allowed. On May 28, 1963 the case was tried, a jury found the defendant guilty as charged, and fixed his punishment at a fine of $10 and ten days in the county jail. Appeal has been perfected to this Court.

Defendant in his petition in error assigns five grounds for reversal of this case, but in his brief states, "The decisive question for determination of this appeal is whether the trial court erred in overruling the motion to discharge defendant, and denying his plea of former jeopardy", and this is the only question argued in the brief.

Defendant states that when the case was called for trial on March 26, 1963 a jury was impaneled and sworn to try the case, one witness had testified and the court recessed for lunch. During the lunch hour, one of the jurors called to the attention of the court and counsel that she had known the mother of defendant for several years.

When the court convened after the lunch hour, the court inquired if the defendant would continue to try the cause to an eleven-man jury, and defendant declined. The court inquired if defendant would agree to a mistrial, which was declined. The court then stated to the juror:

"As a juror you are charged with the duty of hearing the evidence in this case and after due deliberation, returning a fair and impartial verdict, disregarding all sentiment, sympathy and prejudice."

The juror replied that she did not believe that she could do this. Thereupon the court, over the objection of the defendant, declared a mistrial, and proper exception was saved by the defendant.

On April 3, 1963 defendant filed a motion to dismiss on the ground that he had one time been placed in jeopardy, setting out all of the above facts. This motion was overruled, and defendant given an exception to the ruling.

Defendant states that a second jury was on May 28, 1963 impaneled over his objection, the case was tried, and the jury re-

turned a verdict of guilty, as above set forth.

In support of his contention defendant cites the cases of Loyd v. State, 6 Okl.Cr. 76, 116 P. 959; Stough v. State, 75 Okl.Cr. 62, 128 P.2d 1028; and Yarbrough v. State, 90 Okl.Cr. 74, 210 P.2d 375, and the Attorney General states: "The State would and does adopt these same authorities as supporting its contention that former jeopardy did not lie in this case."

The early case of Loyd v. State, supra, holds:

"* * * [B]efore jeopardy attaches *each* of the following conditions must exist: First, the defendant must be put upon trial before a court of competent jurisdiction; second, the indictment or information against the defendant must be sufficient to sustain a conviction; third, the jury must have been impaneled and sworn to try the case; fourth, after having been impaneled and sworn the jury must have been *unnecessarily* discharged by the court; fifth, such discharge of the jury must have been without the consent of the defendant. When these things concur, then the discharge of the jury constitutes jeopardy and operates as an acquittal of the defendant, and he cannot again be placed upon trial for the same offense." [Emphasis supplied]

This case has been followed in the other cases cited, and many others.

The question here arises, was the jury "unnecessarily" discharged? Neither the defendant nor the State cites an Oklahoma case in which this question was involved. The Attorney General called attention to a federal case, Thompson v. United States, 155 U.S. 271, 15 S.Ct. 73, 39 L.Ed. 146, wherein it is held:

"As to the question raised by the plea of former jeopardy, it is sufficiently answered by citing U. S. v. Perez, [22 U.S. 9] 9 Wheat. 579 [6 L.Ed. 165]; Simmons v. U. S., 142 U.S. 148, 12 Sup.Ct. 171 [35 L.Ed. 968]; and Logan v. U. S., 144 U.S. 263, 12 Sup.Ct. 617 [36 L.Ed. 429]. Those cases clearly establish the law of this court that courts of justice are invested with the authority to discharge a jury from giving any verdict whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated, and to order a trial by another jury; and that the defendant is not thereby twice put in jeopardy, within the meaning of the fifth amendment to the constitution of the United States."

██ From the statement set forth by the defendant, the juror stated that she did not feel that she could conscientiously render that impartial verdict to which the state and the accused were alike entitled, and we are of the opinion that under the circumstances here presented, it was necessary for the trial court to excuse this juror from the jury, and declare a mistrial, since the defendant refused to agree to continue the trial with eleven jurors.

Defendant contends that if the fact that one juror discovered that she knew this defendant's mother many years before is a material fact or was a material fact to the trial of this case, then Title 22 O.S.1961 § 852 should have been followed by the court. This section reads:

"If a juror have any personal knowledge respecting a fact in controversy in a cause he must declare it in open court during the trial. If, during the retirement of a jury, a juror declare a fact, which could be evidence in the cause, as of his own knowledge, the jury must return into court. In either of these cases, the juror making the statement must be sworn as a witness and examined in the presence of the parties."

We hold that the statement of this juror did not come within this provision. This juror did not contend that she had "any personal knowledge respecting a fact in

controversy." She merely stated, according to the motion of the defendant, that she knew the defendant and defendant's mother very well, and that she did not feel that she could return a fair and impartial verdict, disregarding all sentiment, sympathy and prejudice.

In the Yarbrough case, supra, it is stated, "The necessity for the discharge of the jury must affirmatively appear in the record." From the motion of the defendant to dismiss, we are of the opinion that it was not discretionary, but necessary, for the trial court to excuse this juror, and since the defendant refused to agree to continue the trial with eleven jurors, to discharge the jury.

We find no error in the action of the trial court in overruling the plea of former jeopardy filed in this case. By so doing, the court held that the matters of fact therein set forth did not constitute a bar to the further prosecution of the accused for the same offense.

The judgment and sentence of the Tulsa Municipal Criminal Court of Tulsa County, Oklahoma, is affirmed.