**Toland E. PICKENS, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13358.**

Court of Criminal Appeals of Oklahoma.

Jan 22, 1964.

Rehearing Denied May 13, 1964.

Sam J. Goodwin, Pauls Valley, for plaintiff in error.

Charles Nesbitt, Atty. Gen., for defendant in error.

NIX, Judge.

Toland E. Pickens, plaintiff in error, hereinafter referred to as the defendant, was charged by Information in the District Court of McClain County with the crime of Burglary 2nd Degree; was tried by a jury, found guilty, and sentenced to two years in the penitentiary. From this judgment and sentence he now appeals to this court.

His appeal was timely filed on February 20, 1963, and defendant's counsel was thereafter granted two extensions of time, in addition to the regular thirty days in which to prepare and file a brief. No brief has ever been filed, but counsel was allowed to argue this cause on September 19, 1963, as having fundamental error. The point urged on oral argument was briefly as follows:

That the trial court erred in not sustaining defendant's Demurrer to the Infor-

mation, for the reason that in cause No. 2792 wherein the defendant was jointly charged with Jack Wayne Love and Ovella Mildred McAfee with Burglary 2nd Degree; severance was asked for and obtained, and on December 18, 1961, the cause came on for trial. Both the State of Oklahoma and the defendant announced ready for trial, and thereafter a jury was impaneled and the trial court was recessed until one o'clock p. m. The Court convened at that time and the County Attorney asked that the case against the defendant be dismissed, as one of his witnesses was not present. Over the objections of the defendant, this request was granted and the case dismissed. When cause No. 2841 was filed, defendant filed a Demurrer to the Information for the reason that it placed Toland E. Pickens in double jeopardy. This was overruled when defense counsel or defendant failed to appear.

Defense Counsel filed a Supplemental in this Court on December 6, 1963, containing his affidavit, the Information in case No. 2792, the jury list, and a court minute. These documents verify defendant's account of the first proceedings, and the very important point that a jury was impaneled before the cause was dismissed.

■ Jeopardy, in its constitutional and common-law sense, has a strict application to criminal prosecutions only; and the word "jeopardy", as used in the Constitution, signifies the danger of conviction and punishment which the defendant in a criminal prosecution incurs when put upon trial before a court of competent jurisdiction under an indictment or information sufficient in form and substance to sustain a conviction.

This question of double jeopardy, and when jeopardy attaches is discussed in a recent United States Supreme Court Decision, Downum v. United States, 372 U.S. 734, 83 S.Ct. 1033, 10 L.Ed.2d 100. This was a case in which the key witness for the prosecution failed to show up, and the jury was discharged. The Supreme Court reversed the case, stating:

The Fifth Amendment's prohibition of double jeopardy is not against twice being punished, but against twice being put in jeopardy.

And, more to the question of when jeopardy attaches:

The accused in a federal criminal prosecution is twice put in jeopardy within the meaning of the Fifth Amendment when a second jury is impaneled to try him 2 days after the first jury impaneled to try him was selected, sworn, and then discharged over the accused's objection, because the prosecution's key witness had not yet been found.

They refer to Cornero v. United States, 48 F.2d 69, 74 A.L.R. 797, from the Ninth Circuit, 371 U.S. 811, 83 S.Ct. 54, 9 L.Ed. 2d 54, which is very clear on this question, and states:

A plea of former jeopardy must be sustained where a jury was impaneled for the trial of accused, but was discharged on the district attorney's announcing that he was unable to proceed because of the absence of necessary witnesses, who had not been subpoenaed but who were under bond to appear in court for sentence on the date of the trial.

■ This has long been the rule of law in Oklahoma, and we will but briefly review some of the cases. In the case of Stough v. State, 75 Okl.Cr. 62, 128 P.2d 1028, this Court laid down the guidelines as to when jeopardy attaches, as follows:

"Before jeopardy attaches each of the following conditions must exist:

"First; the defendant must be put upon trial before a court of competent jurisdiction.

"Second; the indictment or information against the defendant must be sufficient to sustain a conviction.

"Third; the jury must have been impaneled and sworn to try the case.

"Forth; after having been impaneled and sworn, the jury must have been unnecessarily discharged by the court.

"Fifth; such discharge of the jury must have been without the consent of the defendant. When these things concur, then the discharge of the jury constitutes jeopardy and operates as an acquittal of the defendant, and he cannot again be placed upon trial for the same offense."

In the case of Goodman v. State, 41 Okl.Cr. 405, 273 P. 900, this court stated:

"The question argued and urged by the defendant is not a new question in this state. In the early territorial days, in the case of Schrieber v. Clapp, 13 Okl. (215) 218, 74 P. (316) 317, Judge Burford, speaking for the Supreme Court of Oklahoma Territory, said:

" 'The general rule is that the prisoner has been put in jeopardy when he has been put upon trial before a court of competent jurisdiction, upon an indictment or information sufficient to sustain a conviction, and the jury has been impaneled and sworn to try the case, and the jury is discharged without sufficient cause, and without the defendant's consent; and such discharge of the jury, although improper, results in an acquittal of the defendant.' Cooley, Const.Lim. (6th Ed.) 399; Teat v. State, 53 Miss. (439) 453, 24 Am.Rep. 708; Whitmore v. State, 43 Ark. 271.

"Judge Furman, in Loyd v. State, 6 Okl.Cr. 76, 116 P. 959, adheres to the rule laid down in the case of Schrieber v. Clapp, supra. * * *

"In State v. Frisbee, 8 Okl.Cr. 406, 127 P. 1091, this court reaffirmed its former rulings, and, after quoting article 2, § 21, Okl.Const., stated 'that this provision expressly declares that no person who has been once acquitted by a jury shall be again put in jeopardy of life or liberty for that of which he has been acquitted, and the Constitution goes further and express terms provides: "Nor shall any person be twice put in jeopardy of life and liberty for the same offense."

" 'All authorities agree that when a jury is sworn jeopardy attaches. Under the latter clause of our Constitution, if jeopardy has once attached, 'a defendant cannot be placed again in jeopardy for the same offense, unless the jury were necessarily discharged, or unless the defendant agreed to their discharge, or unless a new trial is granted him upon his request.' "

In the case at bar, the situation is simply that the county attorney entered upon the trial of the case without sufficient evidence to convict. This does not take the case out of the rule with reference to former jeopardy. There is no difference in principle between a discovery by the county attorney immediately after the jury was impaneled that his key witness is not present, therefore his evidence is insufficient. It is uniformly held that, in the absence of sufficient evidence to convict, the county attorney cannot by any act of his deprive the defendant of the benefit of the constitutional provision prohibiting a person from being twice put in jeopardy for the same offense. In this case, the witness was the person from whom the articles had been stolen. It would have been to the County Attorney's advantage to have made sure that his witness was present before proceeding to impanel a jury.

■ Based on the record before us, and the facts herein presented, this Court finds that the jury was discharged in the first case without sufficient cause; and that it meets all the requirements as outlined in the Stough case, supra, for jeopardy to attach.

It is therefore the opinion of this Court that this cause be reversed and remanded back to the trial court, with Instruction that the charge be dismissed and vacated, and it is so ordered.

JOHNSON, P. J., and BUSSEY, J., concur.