2012 OK CIV APP 84

**Tybream Demont ROGERS**
**Plaintiff/Appellant,**

v.

**The STATE of Oklahoma, Oklahoma County District Attorney's Office, Oklahoma County Sheriff's Office, Oklahoma State Bureau of Investigation and the Oklahoma City Police Department, Defendants/Appellees.**

**No. 109,501.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Aug. 21, 2012.

Aletia Haynes Timmons, Timmons, Rhone & House, A.P.A., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

David W. Prater, District Attorney, David A. Cincotta, Assistant District Attorney, Oklahoma City, Oklahoma, for Defendants/Appellees, The State of Oklahoma, Oklahoma County District Attorney's Office, and the Oklahoma County Sheriff's Office.

Carol Furr, Assistant General Counsel, Oklahoma City, Oklahoma, for Defendant/Appellee, Oklahoma State Bureau of Investigation.

Kenneth Jordan, Municipal Counselor, Edward D. Hasbrook, Assistant Municipal Counselor, Oklahoma City, Oklahoma, for Defendant/Appellee, City of Oklahoma City by and through the Oklahoma City Police Department.

KEITH RAPP, Judge:

¶1 The trial court plaintiff, Tybream Demont Rogers (Rogers), appeals a judgment denying his petition to expunge law enforcement arrest and criminal records pursuant to 22 O.S.2011, §§ 18, 19.[1] The defendants are

---

1. 22 O.S.2011, § 18, pertaining to expungement of records, provides:

Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

1. The person has been acquitted;

2. The conviction was reversed with instructions to dismiss by an appellate court of competent jurisdiction, or an appellate court of competent jurisdiction reversed the conviction and the district attorney subsequently dismissed the charge;

3. The factual innocence of the person was established by the use of deoxyribonucleic acid (DNA) evidence subsequent to conviction, including a person who has been released from prison at the time innocence was established;

4. The person has received a full pardon on the basis of a written finding by the Governor of actual innocence for the crime for which the claimant was sentenced;

5. The person was arrested and no charges of any type, including charges for an offense different than that for which the person was originally arrested are filed or charges are dismissed within one (1) year of the arrest, or all charges are dismissed on the merits;

6. The statute of limitations on the offense had expired and no charges were filed;

7. The person was under eighteen (18) years of age at the time the offense was committed and the person has received a full pardon for the offense;

8. The offense was a misdemeanor, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the judgment was entered;

9. The offense was a nonviolent felony, as defined in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the conviction; or

10. The person has been charged or arrested or is the subject of an arrest warrant for a crime that was committed by another person

the State of Oklahoma, Oklahoma County District Attorney's Office, Oklahoma County Sheriff's Office, Oklahoma State Bureau of Investigation and the Oklahoma City Police Department (collectively, State).[2] This

who has appropriated or used the person's name or other identification without the person's consent or authorization.

For purposes of this act, "expungement" shall mean the sealing of criminal records. Records expunged pursuant to paragraph 10 of this section shall be sealed to the public but not to law enforcement agencies for law enforcement purposes.

22 O.S.2011, § 19, relating to sealing of records, provides:

A. Any person qualified under Section 18 of this title may petition the district court of the district in which the arrest information pertaining to the person is located for the sealing of all or any part of the record, except basic identification information.

B. Upon the filing of a petition or entering of a court order, the court shall set a date for a hearing and shall provide thirty (30) days of notice of the hearing to the district attorney, the arresting agency, the Oklahoma State Bureau of Investigation, and any other person or agency whom the court has reason to believe may have relevant information related to the sealing of such record.

C. Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed. If the court finds that neither sealing of the records nor maintaining of the records unsealed by the agency would serve the ends of justice, the court may enter an appropriate order limiting access to such records.

Any order entered under this subsection shall specify those agencies to which such order shall apply. Any order entered pursuant to this subsection may be appealed by the petitioner, the district attorney, the arresting agency, or the Oklahoma State Bureau of Investigation to the Oklahoma Supreme Court in accordance with the rules of the Oklahoma Supreme Court. In all such appeals, the Oklahoma State Bureau of Investigation is a necessary party and must be given notice of the appellate proceedings.

D. Upon the entry of an order to seal the records, or any part thereof, the subject official actions shall be deemed never to have occurred, and the person in interest and all criminal justice agencies may properly reply, upon any inquiry in the matter, that no such action ever occurred and that no such record exists with respect to such person.

E. Inspection of the records included in the order may thereafter be permitted by the court only upon petition by the person in interest who is the subject of such records, the Attorney General, or by the district attorney and only to those persons and for such purposes named in such petition.

F. Employers, educational institutions, state and local government agencies, officials, and employees shall not, in any application or interview or otherwise, require an applicant to disclose any information contained in sealed records. An applicant need not, in answer to any question concerning arrest and criminal records provide information that has been sealed, including any reference to or information concerning such sealed information and may state that no such action has ever occurred. Such an application may not be denied solely because of the applicant's refusal to disclose arrest and criminal records information that has been sealed.

G. All arrest and criminal records information existing prior to the effective date of this section, except basic identification information, is also subject to sealing in accordance with subsection C of this section.

H. Nothing in this section shall be construed to authorize the physical destruction of any criminal justice records.

I. For the purposes of this section, sealed materials which are recorded in the same document as unsealed material may be recorded in a separate document, and sealed, then obliterated in the original document.

J. For the purposes of this act, district court index reference of sealed material shall be destroyed, removed or obliterated.

K. Any record ordered to be sealed pursuant to Section 1 et seq. of this title, if not unsealed within ten (10) years of the expungement order, may be obliterated or destroyed at the end of the ten-year period.

L. Subsequent to records being sealed as provided herein, the district attorney, the arresting agency, the Oklahoma State Bureau of Investigation, or other interested person or agency may petition the court for an order unsealing said records. Upon filing of a petition the court shall set a date for hearing, which hearing may be closed at the court's discretion, and shall provide thirty (30) days' notice to all interested parties. If, upon hearing, the court determines there has been a change of conditions or that there is a compelling reason to unseal the records, the court may order all or a portion of the records unsealed.

M. Nothing herein shall prohibit the introduction of evidence regarding actions sealed pursuant to the provisions of this section at any hearing or trial for purposes of impeaching the credibility of a witness or as evidence of character testimony pursuant to Section 2608 of Title 12 of the Oklahoma Statutes.

2. The Oklahoma State Bureau of Investigation and the Oklahoma City Police Department are

Court reverses the Order of the trial court and remands the cause for further proceedings.

## BACKGROUND

¶ 2 Rogers was present when gunfire erupted between rival gangs at a location in Oklahoma City. Three people were killed by gunshots. Rogers attempted to flee the scene and was apprehended. His arrest occurred on June 10, 1996.

¶ 3 Rogers was subsequently charged with three counts of murder in the first degree and one count of shooting with intent to kill. He was bound over for trial after a preliminary hearing and a jury trial was commenced in September 1999. During trial, an issue arose concerning circumstances affecting the credibility of a witness, who was a police officer. The circumstances had not been disclosed to the defense by the prosecution as required under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. As a result, the trial court declared a mistrial on September 23, 1999, over the objections of Rogers.

¶ 4 When the State attempted to retry Rogers and his co-defendant, Rogers and his co-defendant petitioned the Court of Criminal Appeals for a Writ of Prohibition.[3] The Court sustained their petition for Writ of Prohibition on January 14, 2000, and ruled:

> Based on the record before us, we **FIND** the jury was unnecessarily discharged and the declaration of a mistrial was not a manifest necessity. The retrial of Petitioners is therefore barred by the double jeopardy clause of both our state and federal constitutions.

¶ 5 On January 13, 2011, Rogers petitioned for expungement of the records in that case. He cited 22 O.S.2011, § 18.

¶ 6 The State objected to the petition. For purposes of this appeal, the State's position is that Rogers does not meet the threshold requirement for relief because Rogers did not have an acquittal, a reversal of a conviction on appeal with instructions to dismiss, or a reversal of the conviction where the district attorney subsequently dismissed the charge.

¶ 7 The trial court agreed and denied relief. Rogers appeals.

## STANDARD OF REVIEW

■■■ ¶ 8 The trial court's decision was based upon the legal interpretation and application of the statute. The trial court did not reach the question of whether Rogers merited relief, or the extent of relief, assuming he qualified. The issue presented is one of statutory construction, which is a question of law. Questions of law are reviewed de novo. *State ex rel. Okla. State Dept. of Health v. Robertson*, 2006 OK 99 ¶ 5, 152 P.3d 875, 877.

■■■ ¶ 9 Matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Heffron v. District Court of Oklahoma County*, 2003 OK 75, ¶ 15, 77 P.3d 1069, 1076. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, 932 P.2d 1100 n. 1.

## ANALYSIS AND REVIEW

¶ 10 Rogers has the task to show that he qualifies for relief. Under the facts of his case, Rogers must look to Section 18(1) for his authority to seek expungement of his records.

¶ 11 The right to seek expungement and the circumstances giving rise to that right are fixed by statute. *In re Expungement of the Record of Holder*, 2009 OK CIV APP 1, ¶ 5, 219 P.3d 562, 564 (denying relief as to multiple offenses after pardon because statute did not afford relief for multiple offenses after a pardon).

---

separately represented. All defendants have a common defense and the judgment applies in favor of each defendant.

3. The details of the trial and the reason for the mistrial are set out in the Court of Criminal Appeals' Order Granting Writ of Prohibition, Cause Number PR–99–1327, exhibited in the appellate Record at page 4.

¶ 12 The Court of Criminal Appeals has, on many occasions, spelled out exactly what constitutes jeopardy and what consequences flow from a finding of jeopardy.

The general rule is that the prisoner has been put in jeopardy when he has been put upon trial before a court of competent jurisdiction upon an indictment or information sufficient to sustain a conviction, and the jury has been impaneled and sworn to try the case, and the jury is discharged without sufficient cause, and without the defendant's consent; and such discharge of the jury, although improper, results in an acquittal of the defendant.

*Pickens v. State,* 1964 OK CR 10, ¶ 7, 393 P.2d 889, 891–92 (citations omitted).

¶ 13 The legal effect of the Writ of Prohibition issued by the Court of Criminal Appeals was to prohibit the trial court from putting the defendant upon trial again for the same crime for which he had been acquitted pursuant to the above rule. *Randolph v. State,* 2010 OK CR 2, ¶¶ 8–9, 231 P.3d 672, 675–76; *Stough v. State,* 1942 OK CR 115, 128 P.2d 1028. Thus, Rogers was clearly a person authorized to file a motion for expungement pursuant to 22 O.S.2011, § 18(1). Therefore, the Order of the trial court is reversed and the cause is remanded to the trial court for further proceedings in accordance with this Opinion.

¶ 14 **REVERSED AND THE CAUSE IS REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH THIS OPINION.**

GOODMAN, P.J., and THORNBRUGH, J., concur.